NANCY SUTTON, Administratrix, etc., Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

Although a railroad company has, by permitting people repeatedly to cross its tracks at a point where there is no public right of passage, given an implied license so to do, it owes no duty of active vigilance to those crossing to guard them from accident. The company is not restricted by the license in the use of its track, nor will a departure in

some degree or particular by its employes from the ordinary course of procedure make it liable for an injury resulting therefrom, unless it involved the doing of an act which might reasonably be anticipated would result in injury to a person lawfully on the track under the license ; the licensees acting under it take the risks incident to the business.

S., plaintiff's intestate, was employed in a foundry, the workmen in which had been accustomed to cross defendant's tracks at a certain point. It was defendant's daily custom to disconnect cars from trains backing down on the track nearest the foundry, which by their momentum would pass by the foundry, when a brakeman would apply the brakes. S. came out of the foundry as cars so disconnected were passing. They stopped just as the rear one passed the door. He stepped across the track, when his progress was arrested by a train approaching on the second track, and he stepped backward upon the track he had crossed, where he was struck and killed by the disconnected cars, which, in consequence of a slight down grade, the brakeman having failed to apply the brakes, had started of themselves slowly backward. No instance of a car thus running backward had ever been known before. In an action to recover damages, *held,* that a refusal of the court to charge that the defendant owed no duty to the deceased to set the brakes, or otherwise fasten the cars, was error; and that the evidence did not make out a cause of action.

*Sutton* v. *New York Central and Hudson River Railroad Company* (4 Hun, 760) reversed.

(Argued April 27, 1876; decided May 23, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 4 Hun, 760).

This action was brought for the alleged negligent killing of William Sutton, plaintiff's intestate.

The deceased was employed in the carpenter shop of the Clinton foundry, situate west and adjacent to defendant's tracks and roadway in the city of Troy. At a point opposite this shop the employes in the foundry had for a long time been in the habit of crossing the track to reach Madison street. There was a regular beaten path to the fence along the street, where steps had been placed to enable persons to get over. Sutton started out of the carpenter shop with a pail on his arm to go to a well across the tracks, for some water. As he went

out of the door five cars passed northward on the west track, nearest the shop. These cars had been disconnected from a train of ten cars, the engine and other cars giving them as they were disconnected a "shove" or "kick," which sent them north so far that the south car was nearly opposite the door of the shop where they stopped. Sutton then started across the track. He crossed the west track, but was stopped by the approach of a train on the east track, and looking to the east he stepped backward upon the track he had just crossed. At the point there was a slight down grade in the tracks toward the south. The five cars had in consequence, after stopping, started back slowly of themselves to the southward, and as Sutton stepped backward they struck and killed him. There was a brakeman on the five cars as they passed, who attempted to apply the brake, but failed to set it so as to arrest the motion of the cars. When they stopped he left the cars, and there was no one in charge of them, when they moved backward.

It had been defendant's daily custom for years to back up and "shove" cars on the west track in the same way. The brake was usually applied to such disconnected cars. No instance had ever been known before of their thus running backward of themselves.

Defendant's counsel on the trial moved for a dismissal of the complaint upon the ground, among others, that no negligence on the part of defendant had been proved. The motion was denied and defendant's counsel duly excepted.

Said counsel requested the court to charge, among other things, "that defendant owed no duty to the deceased to set the brakes or otherwise fasten the cars where they were left." The court refused so to charge, and the said counsel duly excepted.

Further facts appear in the opinion.

*Frank Loomis* for the appellant. The custom of crossing defendant's tracks at the place where the accident occurred did not, of itself, confer any right, or impose any additional

duty upon those so crossing  (*Matze* v. *N. Y. C. and H. R. R. R. Co.*, 1 Hun, 417; Laws 1850, chap. 140, § 44; *Bolch* v. *Smith*, 7 H. & N., 732.)  The deceased was guilty of contributory negligence.  (*Wilcox* v. *R. and W. R. R. Co.*, 39 N. Y., 358; *Nicholson* v. *Erie R. Co.*, 41 id., 525; *Culhane* v. *N. Y. C. and H. R. R. R. Co.*, 60 id., 133; *Baulec* v. *N. Y. and H. R. R. Co.*, 59 id., 356, 366; *P. and R. R. R. Co.* v. *Hummell*, 44 Penn., 375; *Gillis* v. *Penn. R. R. Co.*, 59 id., 129; *Sweeny* v. *O. C. and N. R. R. Co.*, 10 Al., 368; *Maynard* v. *B. and M. R. R. Co.*, 115 Mass., 458.)  Defendant was not bound to guard against such an accident, as it was not proved that it was apprehended.  (*Dougan* v. *C. Tr. Co.*, 56 N. Y. 1; *Crocheron* v. *N. S. S. I. F. Co.* id., 656; *Fairbanks* v. *Kerr*, 70 Penn., 86.)

*Esek Cowen* for the respondent.

ANDREWS, J.  The plaintiff's intestate, at the time he was killed, was on the track and premises of the defendant.  He had left the shop where he was employed with the intention of crossing the railroad track so as to reach a public street which extended to, and abutted upon, the defendant's road.  The place where he was, at the time of the accident, was not a public way, and there was no public right of passage over the track.  He was not, however, a trespasser in going up it.  There was, under the circumstances proved, an implied license for the workmen in the foundry to cross the track at this point for the purpose of reaching the highway.  They had, for twenty years, been accustomed to cross the railroad in a beaten path made by this use, and, on the other side of the track, adjoining the street, was a fence with steps to enable persons crossing the track to get over, which steps were allowed to remain by the railroad company, and a witness testified that he thought the company placed them there.  There was no agreement between the proprietors of the foundry and the defendant giving the workmen a right to cross the track, and no claim of right to do so was, so

far as it appears, ever asserted. It was, however, owing to the situation of the foundry premises, a great convenience for the workmen to be permitted to cross at this point.

It must be assumed, in disposing of this case, that the plaintiff's intestate, in crossing the track, was acting under the implied license of the defendant, and that the defendant knew that the workmen were accustomed to cross there. The fact that the plaintiff's intestate was killed by the cars on the defendant's road raises no presumption of negligence against the company. The plaintiff, in order to recover, was bound to establish affirmatively that the death was caused by the violation of some duty the defendant owed to the deceased. Otherwise, there was no negligence shown, and the action cannot be maintained. I think that the evidence did not establish a cause of action against the defendant. In addition to those already stated, the following facts were shown : There are two tracks in front of the shop where the accident took place. Just before it occurred, a train of ten cars was backed up from the south on the west track (next to the shop). Before reaching the shop, five of the cars were disconnected, and the locomotive, with the other five, gave the disconnected cars a " kick," which sent them north so far that the south car was nearly opposite the door of the shop, and there they stopped. About this time Sutton (the deceased) started out of the shop, with a pail on his arm, to go for some water to a well on the other side of the track, beyond the railroad. He crossed the west track, south of the five cars, and then stopped, his further progress being arrested by a train advancing on the second track. He was looking towards the east, and, for greater security (as may be supposed), stepped backwards on to the west track, and, at this moment, the five cars which were moving southerly struck and killed him. These cars had no locomotive attached, and no one was then in charge of them. To account for their running back, it was shown that, at this point, there was a slight grade in the defendant's road towards the south of one and one-half inches in twelve feet, and that a jarring or trembling of the

ground was observable when a train passed the foundry. The cars had moved from twenty-five to thirty feet before they struck the deceased. It was not definitely shown how fast they were moving, but it is apparent from the slightness of the grade and the short distance they had moved, that the movement was slow.' There was a brakeman on the five disconnected cars when they separated from the train, who remained on the cars till they stopped. He attempted to apply the brake, and, either from inattention, or for some other reason not disclosed, he failed to set it so as to prevent the movement of the cars. It had been the daily practice of the defendant for years to back up and shove in cars in this way on this track, and no instance of a car running backwards of itself had ever been known, but the brake was usually, and perhaps always before this, applied to the cars in that situation.

The license of the defendant to the workmen at the foundry to cross the track cannot be construed as restricting the company in the use of its tracks in the prosecution of its business. The licensees acting under this license took the risks incident to the business and of the danger to which they might · be exposed from the management of the road in the usual and ordinary way. Nor would a departure in some degree or in some particular by the defendant's employes from the ordinary course of procedure make the defendant liable for an injury resulting therefrom, unless it involved the doing of an act which it might reasonably be anticipated would result in injury to persons lawfully on the road under its license. The defendant having authorized the workmen to cross the track, could not act so as to mislead them, and subject them without notice to perils, from which they had a right to suppose they were exempt, without responsibility in case of injury. But it owed them no duty to guard them from accident, no duty of active vigilance. For an intentional, wanton or reckless injury it would be answerable, even to a trespasser. In this case the backward movement of the cars, as his conduct indicates, was not seen by the deceased. When he left the shop they were standing on the track and not in motion, and as he

could not reasonably have anticipated that they would move towards him, he cannot be charged with negligence in not looking up the track before stepping back upon it to avoid the other train. The negligence charged upon the defendant was of omission only, the omission of the brakeman to adjust the brake before leaving the cars, which if done would have made this accident impossible. If the brakeman knew that there was a slight descending grade at this place, he could not have anticipated danger to life, from the slow movement of the cars a few feet down the grade. It is not claimed that he saw the deceased before he was injured, and special precaution were not required of him in the absence of any indication that he was in danger. It was not, I think, negligence towards the deceased for the brakeman to omit a precaution which, if taken, would have prevented the injury, when the injury could not reasonably have been anticipated, and would not, unless under exceptional circumstances, have happened from the omission. I am of opinion that the court erred in refusing to charge that the defendant owed no duty to the deceased to set the brake, and otherwise fasten the cars at the place where they were left. The case differs in some of its circumstances from *Nicholson* v. *Erie Railway Company* (41 N. Y., 525), but it is, I think, within the principle of that decision, and the cases cited in support of it. Negligence is ordinarily a question for the jury, but only when the facts would authorize a jury to infer it.

The judgment should be reversed, and a new trial granted.

All concur, except CHURCH, Ch. J., not voting, and ALLEN, J., not sitting.

Judgment reversed.