JEREMIAH BARRY, Administrator, etc., Respondent, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

In an action against a railroad company for alleged negligence, causing the death of plaintiff's intestate, it appeared that the decedent was run over and killed in attempting to cross defendant's tracks at a point where the owners of adjoining lands had a right of way, and where the public for thirty years had been in the habit of crossing. *Held*, that the acquiescence of defendant for so long a time in this public use amounted to a license or permission to all persons to cross at this point, and imposed a duty upon it as to persons so crossing to exercise reasonable care in the movement of its trains, so as to protect them from injury.

*Hounsell* v. *Smyth* (97 Eng. C. L. 731), *Nicholson* v. *E. R. Co.* (41 N. Y. 525), *Sutton* v. *N. Y. C. & H. R. R. R. Co.* (66 id. 243), distinguished.

The train which caused the death was backing up without a bell being rung or other signal given, in charge of a brakeman, who was on a platform between two cars, where he could not see persons on the track or have notice to apply the brakes in case of danger. Persons were at all times crossing the tracks, several hundreds crossing daily. *Held*, that the evidence justified the submission of the question of defendant's negligence to the jury.

The intestate was a boy ten years old. The train which ran over him went past the crossing followed by a freight train. The bell on the freight train was ringing and the flagman on the crossing was flagging it, paying no attention to the other. The first train was switched on to another track and backed up on the track the boy attempted to cross. There was no direct proof as to what precautions he took before crossing the track. *Held*, that the question of contributory negligence was properly submitted to the jury ; that it was competent for them to infer that the boy seeing the first train pass supposed it was going on, and his attention being attracted by the freight train, he did not observe that the first train had changed its direction and was backing up.

In the case of a child of tender years, where the circumstances would justify an inference that he was misled or confused in respect to the

actual situation, and that his conduct was not unreasonable in view of those circumstances, and his age, the question of contributory negligence is for the jury, although he may have omitted some precaution which in the case of an adult would be deemed conclusive evidence of negligence. *It seems* it cannot be held as matter of law, that, under the circumstances of this case, the ringing of the bell would fulfill the whole duty resting on defendant.

(Argued March 27, 1883 ; decided April 24, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made December 16, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for alleged negligence causing the death of John J. Barry, plaintiff's intestate, who was run over and killed in attempting to cross defendant's tracks in the city of Troy.

The material facts are stated in the opinion.

*Esek Cowen* for appellant.    As the deceased was, when killed, on defendant's land, by its license implied from the habit of workmen and others to cross its tracks at that spot, it owed him no duty except to do him no intentional harm, and it was error to hold that defendant was bound to give the deceased warning of the approach of its train. (*Nicholson* v. *Erie R. Co.*, 41 N. Y. 525 ; *Sutton* v. *N. Y. C. & H. R. R. R.*, 66 id. 243 ; *P. & R. Co.* v. *Hummel*, 44 Penn. St. 375 ; *Matze* v. *N. Y. C. & H. R. R. R.*, 1 Hun, 417 ; *Harty* v. *C. R. of N. J.*, 42 N. Y. 468.)    It makes no difference in this respect that the deceased was of tender years.    (*Penn. R. Co.* v. *Lewis*, 79 Penn. St. 33–43 ; *P. & R.* v. *Hummel*, 44 id. 379 ; *Hornsberger* v. *Second Ave. R. Co.*, 1 Keyes, 570.)    The deceased was guilty of contributing negligence, and for this reason the nonsuit should have been granted. (*Haight* v. *N. Y. C. & H. R. R. R.*, 7 Lans. 11 ; *Davis* v. *N. Y. C. & H. R. R. R.*, 47 N. Y. 400 ; *Barker* v. *Savage*, 45 id. 191 ; *Gorton* v. *Erie R. W.*, id. 660 ; *Wilcox* v. *Rome, W. & O. R. R.*, 39 id. 358 ; *Salter* v. *Utica & B. R. R.*, 75 id. 273 ; *Day* v. *Flushing, etc., R. R.*,

id. 610; *Mitchell* v. *N. Y. C. & H. R. R. R.*, 2 Hun, 535.) The burden of proof was on plaintiff to show at least that he employed such means as a child of ten years might be expected to employ to insure his own safety. (*Reynolds* v. *N. Y. C. & H. R. R. R.*, 53 N. Y. 248; *Cordell* v. *N. Y. C. & H. R. R. R.*, 75 id. 330; *Hale* v. *Smith*, 78 id. 480, *Hart, Admr.*, v. *Hudson River Bridge Co.*, 84 id. 56.) The court erred in refusing to charge as requested, that if the bell was rung the defendant was not bound to give any other warning. (*Grippen* v. *N. Y. C. R. R. Co.*, 40 N. Y. 34.)

*Martin I. Townsend* for respondent. Plaintiff's intestate was, at the time he was injured, where he had a right to be. (*Sibley* v. *Ellis*, 11 Gray, 417; Washburn on Easements, 67, margin; id. 73, 74, margin 76.) The plaintiff's intestate had the right to require the defendant, its agents and servants, to use all reasonable care and diligence proportioned to the magnitude of the danger to avoid doing him an injury, and if it has failed and he has been injured without his own fault which contributed to the injury, the defendant must respond. (*Fero* v. *Buffalo R. R. Co.*, 22 N. Y. 209; *Johnson* v. *Hudson R. R. R. Co.*, 20 id. 65; *Beiseigel* v. *N. Y. C. R. R. Co.*, 40 id. 28; *McDermott* v. *N. Y. C. & H. R. R. R. Co.*, 16 W'kly Dig. 57.) The measure and degree of care, the omission of which would constitute negligence, is to be graduated by the age and capacity of the individual. (*Powell* v. *N. Y. C. & H. R. R. R. Co.*, 22 Hun, 56; *Haycroft* v. *L. S. & M. S. R. R. Co.*, 3 Sup. Ct. 49; *McGovern* v. *N. Y. C. & H. R. R. R. Co.*, 67 N. Y. 417; *Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 83 id. 620; *Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 14 W'kly Dig. 406.) The question as to whether the deceased was, under the circumstances of the case, free from negligence, was for the jury to determine, and the court properly denied the motion for a nonsuit. (*Ernst* v. *H. R. R. R. Co.*, 39 N. Y. 61; *Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 451; *McGrath* v. *H. R. R. R. Co.*, 32 Barb. 144; *Payne* v. *T. & B. R. R. Co.*, 83 N. Y. 572.)

ANDREWS, J. If the absolute legal right of the intestate to be upon the track of the defendant at the place of the injury was a material question in the case, it may have been error in the court to have submitted to the jury to find whether such right existed under the deed from Cushman and Norton to Paine and Buell. But we are of opinion that the question was quite immaterial to the determination of the controversy. It is undisputed that the owners of lots abutting on the railroad at this point had a right of way across the defendant's tracks, and that for more than thirty years the public were in the habit of crossing the tracks at this point to reach Madison and other streets lying northerly and easterly of the railroad, the proof being that several hundred people crossed there every day. There can be no doubt that the acquiescence of the defendant for so long a time, in the crossing of the tracks by pedestrians, amounted to a license and permission, by the defendant, to all persons to cross the tracks at this point. These circumstances imposed a duty upon the defendant in respect of persons using the crossing, to exercise reasonable care in the movement of its trains. The company had a lawful right to use the tracks for its business, and could have withdrawn its permission to the public to use its premises as a public way, assuming that no public right therein existed; but so long as it permitted the public use, it was chargeable with knowledge of the danger to human life from operating its trains at that point, and was bound to such reasonable precaution in their management as ordinary prudence dictated to protect wayfarers from injury. It is doubtless true that the owner of the premises owes no duty to keep them in such condition that an intruder, or a person casually thereon by sufferance, shall not be injured. The quarry case (*Hownsell* v. *Smyth*, 97. Eng. Com. Law, 731) is an apt illustration. There the plaintiff in crossing the defendant's waste land, which the public had been allowed to cross, fell into an unguarded excavation, and the court held that the plaintiff had no cause of action, because the defendant was under no legal duty to fence or otherwise guard the excavation for his protection. The plaintiff there availed himself of the license

to use the premises in their existing condition, and accepted it with its attendant perils. The defendant did no affirmative act at the time by which existing conditions were changed and new perils created.

In the case of the movement of a train of cars over a track at a place which the public are permitted to use as a crossing the company are necessarily apprised that it is attended with danger to life. The company is an actor at the time in creating the circumstances which imperil human life, and it would be alarming doctrine that it was under no duty to exercise any care in the movement of its trains. The cases of *Nicholson* v. *Erie Ry. Co.* (41 N. Y. 525), and of *Sutton* v. *N. Y. C. & H. R. R. R. Co.* (66 id. 243), do not sustain the defendant's contention. In neither of these cases was the movement of the cars the direct act of the party sought to be charged, but resulted from causes which could not reasonably or naturally have been anticipated. There was in fact no negligence shown on the part of the defendants. The court in these cases properly held that the circumstances did not create any duty toward the party injured, or tend to establish any culpable negligence.

The ground of liability in this case is negligence, and the duty of the defendant to exercise reasonable care, existed irrespective of the fact whether the plaintiff's intestate had a fixed legal right to cross the track, or was there simply by the defendant's implied permission. The construction of the deed was not material in determining the question of reasonable care. The circumstances known to the defendant required this, whether the plaintiff's intestate was there by right or by a mere license. The judge, upon the defendant's request, charged that if the intestate was on the track by mere license of the defendant, and having no other right, the plaintiff could not recover. The learned judge in making this charge followed what he understood to be the ruling of the General Term on the first appeal, and the charge was, we think, for the reasons stated erroneous. But the error was in favor of the defendant, and the jury having found that the defendant was guilty of negligence in the management of the train which caused the

intestate's death, this finding, if justified (in the absence of contributory negligence), sustains the action.

It is claimed that there was no evidence to justify the submission to the jury of the question of the defendant's negligence. The court could not, we think, have properly taken this question from the jury. The train consisted of an engine and two passenger cars. It was, as the evidence on the part of the plaintiff tends to show, backing up without a bell being rung, or other signal being given, in charge of a brakeman who was at the time on the platform between the two cars, and where he could not see persons on the track, or have notice so as to apply the brake in case of danger. Moving a train in this way in a populous locality where persons were at all times crossing the track, might very well be found by a jury to be culpable negligence.

The point of contributory negligence is also relied upon. The intestate was a boy ten years of age. There is no direct proof what precautions he took before crossing the track, but the general situation was that he was in a position before crossing to have seen, in his line of vision, without any material change of position, the train which ran over him, going southerly on the track of the Union railroad, away from him toward Albany. At the same time there was a freight train also going southerly on the Union railroad track, in rear of the other, which a flagman standing near the point of the accident was flagging, paying no attention to the first train. The bell on the freight train was also ringing. We think it was competent for the jury to have inferred that the boy seeing the first train going south, supposed it was going to Albany, not understanding that it was intending to go only so far south as the switch on Monroe street, and then to back north toward Madison street, and that his attention was attracted by the freight train and the flagman, and that he did not observe that the first train had changed its direction and was backing up on the track which he attempted to cross. The law, as was said in *McGovern* v. *N. Y. C. & H. R. R. R. Co.* (67 N. Y. 417), is not so unreasonable as to expect or require the same ma-

turity of judgment, or the same degree of care and circumspection in a child of tender years as in an adult, and in the case of a child, where the circumstances would justify the inference that he was misled or confused in respect to the actual situation, and that his conduct was not unreasonable under the circumstances and in view of his age, then the question of contributory negligence is for the jury, and this although he may have omitted some precaution which in the case of an adult would be deemed strong, or even conclusive evidence of negligence.

The additional point is made that the court erred in refusing to charge as requested, that if the bell was rung the defendant was not bound to give any other warning. We think it cannot be held as matter of law, under the circumstances of this case, that the ringing of the bell fulfilled the whole duty resting on the defendant.

We find no error of law in the record, and the judgment should therefore be affirmed.

All concur, except RUGER, Ch. J., dissenting.

Judgment affirmed.