WARREN F. SPAULDING, APPELLANT, v. HENRY S. JARVIS, RESPONDENT.

32 621
40ap242

32h 621
65 AD²456

*Negligence — when one stopping too near a horse-car track is guilty of negligence contributing to a collision with a horse-car, and cannot recover the damages occasioned thereby.*

The defendant runs horse cars upon tracks laid in Chenango street, in the city of Binghamton. The plaintiff, while driving a wagon with horses along the said street, was called by a friend on the opposite side of the street. He drove across the track and stopped, as he believed, entirely out of the way of the street cars, his horses feet being in the gutter. The side fender of a passing horse car struck and injured his wagon :

*Held*, that he was guilty of contributory negligence and could not recover from the defendant the damages he had sustained. (LEARNED, P. J., dissenting.)

APPEAL from a judgment of the County Court of Broome county in favor of the defendant, dismissing the plaintiff's complaint, and from an order denying a motion for a new trial made upon a case and exceptions.

The action was brought into the County Court by an appeal from a judgment of a justice of the peace. A new trial was had before the County Court and a jury. The plaintiff claimed damages for injuries sustained by reason of a horse-car, owned and running upon tracks laid in Chenango street in the city of Binghamton by the defendant, having run into and struck with the side fender of such car the wagon of the plaintiff, which had been stopped by him in the street for the purpose of enabling the plaintiff to speak to a friend standing upon the sidewalk who had called to him. The feet of the plaintiff's horse stood in the gutter.

*Wales & Hand*, for the appellant. .

*D. S. Richards*, for the respondent.

BOARDMAN, J.:

We are content with the reasoning and conclusion of the learned county judge in this case. It is clearly a case of mutual negligence. The plaintiff supposed he had passed so far beyond the track of the street railroad that the passing car would not reach or touch his carriage. He was mistaken. The defendant's driver supposed the plaintiff's carriage was out of reach of the car he was driving. He also was mistaken. Each with greater care could have seen his mistake. But neither of them exercised the care and prudence required to avoid the collision. There is no evidence of wanton injury by defendant's driver of plaintiff's carriage. It was not a willful injury done plaintiff. It was an accident, which happened in a way that neither party expected. Undoubtedly the driver was guilty of negligence in not seeing the danger of collision and guarding against it. But the plaintiff was equally negligent in stopping so as to make the collision possible. But for his negligence the injury would not have been done. The accident was not wholly caused by the act of defendant's agent. The plaintiff's negligence contributed to and made it possible. The plaintiff has failed to prove that he was guiltless of any negligence approximately contributing to the injury. It shows directly the contrary. (*Button* v. *Hudson River Railroad Co.*, 18 N. Y., 248; Moak's Underhill on Torts, 280, etc.) Both plaintiff and defendant's agent believed the street car would pass without striking plaintiff's wagon. Some of defendant's cars would have done so. The one doing the mischief had a side rail or step which projected slightly more than the other cars alluded to. This rail struck the wagon wheel and pushed it around until it passed. Such pushing of plaintiff's wagon did the injury complained of. It was the duty of plaintiff to stop outside of defendant's track a distance sufficient to allow the cars to pass. (*Adolph* v. *Central Park, etc., Railroad*, 76 N. Y., 530.) The driver thought he had done so. If plaintiff had stopped upon the track the running into him by a car would have been actionable, because it would have been the grossest carelessness amounting to willfulness. But when both parties in

good faith believe there is no danger, though in mutual error, it cannot be said that the injury is due to one alone. The plaintiff cites a multitude of cases, of which *Stackus* v. *New York Central* (79 N. Y., 469), is an extreme example. The rule is there laid down that a nonsuit, upon the ground of contributory negligence, is only proper where it is so clear by the evidence that no construction or inference drawn from the facts would warrant a contrary conclusion, and that a verdict of the jury the other way would be set aside as against evidence. This is a rule which we have had frequent occasion to accept and apply. But it was negligent in the plaintiff to stop where a passing car might hit his wagon. But for such negligence his wagon would not have been hit or injured. Is there any lack of clearness in these facts? Can any construction of the evidence, or any inference drawn from the facts, justify the conclusion that plaintiff was prudent or careful in leaving his wagon where it was hit? The cases cited by plaintiff's counsel seem to us to justify this nonsuit, and to show that a failure to nonsuit would have been error. The failure of the plaintiff to recover is not due to the want of negligence on the part of the defendant. It is conceded that defendant was negligent. But such negligence does not create a liability where the injury was due as well to plaintiff's fault in the absence of willful, reckless and intentional wrong by the defendant. Were it true that the driver knew or had reason to suppose he would hit plaintiff's wagon, the defendant would be liable for the damages if they could reasonably have been avoided. (*Sutton* v. *N. Y. C.*, 66 N. Y., 249, opinion of ANDREWS, J.) But there is no proof of such facts nor any reason to believe them true. It would be as reasonable to suppose the plaintiff's wagon was intentionally left in the way of the car as that the driver intentionally drove against it, or seeing the danger did not strive to avoid it.

We think the case was properly disposed of, and the judgment and order should be affirmed, with costs.

BOCKES, J., concurred.

LEARNED, P. J. (dissenting):

"It is no defense to a suit for damages in a collision that the plaintiff was at the time in a place where he ought not to have been, if the collision could have been avoided by the defendants in the

exercise of the ordinary prudence which belongs to a good business man in his particular sphere." (Wharton Neg., § 329 ; *Kenyon* v. *N. Y. C.* and *H. R. R. R. Co.*, 5 Hun, 479.)

If plaintiff's wagon had been standing directly across the track, even though it ought not to have been there, the defendant would not have been justified in driving the car upon the wagon, if this could have been avoided by ordinary prudence.

Now it appears that plaintiff's wagon was standing so near to the track that the car could not pass. I think it was a question for the jury to say whether the act of the driver was wanton, and whether, by ordinary prudence, the collision could have been avoided.

Judgment and order affirmed, with costs.