MARY BYRNE, an infant, etc., Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

Where the public for a long period of time have notoriously and constantly been in the habit of crossing a railroad at a point not in a traveled public highway, with the acquiescence of the railroad corporation, this acquiescence amounts to a license, and imposes a duty upon it, as to all persons so crossing, to exercise reasonable care in the running of its trains, so as to protect them from injury.

Although not absolutely bound to ring a bell or blow a whistle upon the locomotive of a train, approaching suc! a crossing, the company is bound to give some notice and warning, and as to what is sufficient is a question of fact for a jury.

Where a train is backing toward the crossing, the fact that the bell was rung does not, as matter of law, establish reasonable care; it is for the jury to determine as to whether any other precautions should have been taken upon the train, under the circumstances.

*Nicholson* v. *E. R. Co.* (41 N. Y. 525); *Sutton* v. *N. Y. C. R. R. Co.* (66 id. 243); *Larmore* v. *C. P. I. Co.* (101 id. 391); distinguished.

(Argued January 21, 1887; decided February 8, 1887.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made June 27, 1885, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for personal injuries, alleged to have been caused by defendant's negligence. Plaintiff was crossing the tracks of defendant's road when she was struck by the rear car of a backing train and was injured.

This is the third time the case has been before this court. A *mem.* of the first decision may be found in 83 New York, 620 ; it is reported on the second appeal in 94 New York, 12.

The facts, so far as material to the questions discussed, appear in the opinion.

*Esek Cowen* for appellant. Plaintiff, although an infant eleven years of age, was not excused from the duty of using her eyes and ears for her own protection. (*Reynolds* v. *N. Y. C. R. R. Co.*, 58 N. Y. 248; 83 id. 620.) The court erred in charging that the company was bound to give, by bell, whistle, or otherwise, such notice of the approach of this train as the jury should find reasonable. (*Hennsell* v. *Smyth*, 97 E. C. L. 731; *Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 289; *Nicholson* v. *E. R. Co.*, 41 id. 525; *Sutton* v. *N. Y. C. & H. R. R. R. Co.*, 66 id. 243, 248.) The true question was whether the train was managed with such care and caution as the circumstances demanded; and to charge the jury that the company was bound to give notice, or use any other specified precaution not required by statute, was error. (*Semel* v. *N. Y., N. H. & H. R. R. Co.*, 9 Daly, 321;

*Beisiegel* v. *N. Y. C. R. R. Co.*, 40 N. Y. 9; *Crippen* v *N. Y. C. & H. R. R. R. Co.*, id. 34.)

*R. A. Parmenter* for respondent. On the evidence, the question of the plaintiff's contributory negligence was plainly one of fact for the jury. (14 Hun, 322; 83 N. Y. 620.) The manner in which the crossing at the place of the injury had been used by the public, amounted to a dedication. (*Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 293.) The neglect to ring the bell was sufficient evidence of negligence on the part of the railroad company. (3 R. S. [Edm. ed.] 643, § 7; *Ernst* v. *H. R. R. R. Co.*, 35 N. Y. 9; *Maginnis* v. *N. Y. C. & H. R. R. R. Co.*, 52 id. 215; *Webber* v. *Same*, 58 id. 451; *Salter* v. *Utica & B. R. R. R. Co.*, 59 id. 631; *Culhane* v. *N. Y. C., etc., R. R. Co.*, 60 id 137; *Massoth* v. *D. & H. C. Co.*, 64 id. 524; *Cordell* v. *N. Y. C., etc., R. R. Co.*, id. 535; *Haycroft* v. *L. S. & M. S. R. Co.*, id. 636.) There is greater necessity for ringing the bell ·when the train is being backed over streets in a populous city, and the requirement to ring the bell in such cases is equally mandatory. (*Casey* v. *N. Y. C. & H. R. R. R. Co.*, 64 N. Y. 636.) The question of the alleged contributory negligence on the part of the plaintiff was also one of fact for the jury. (*Hill* v. *N. Y. C., etc., R. R. Co.*, 2 Week. Dig. 94; *Morrison* v. *N. Y. C., etc., R. R. Co.*, 63 N. Y. 643; *O'Mara* v. *N. Y. C. & H. R. R. R. Co.*, 38 id. 445; *Sheehy* v. *Berger*, 62 id. 558; *Dickens* v. *N. Y. C. R. R. Co.*, 1 Keyes, 23; *Hart* v. *H. R. Bridge Co.*, 9 Week. Dig. 536; 80 N. Y. 622.) The parents of the plaintiff are not shown to have been guilty of negligence or imprudence in permitting a girl between ten and eleven years of age to travel alone in the street and to pass over railroad crossings. (*Ihl* v. *Forty-second St. R. R. Co.*, 47 N. Y. 317; *McGarry* v. *Loomis*, 63 id. 107.) The true rule as to the degree of care and prudence exacted in this class of cases of a child between ten and eleven years of age, required this case to have been submitted to the jury. (*O'Mara* v. *H. R. R. Co.*, 38 N. Y. 449; *Sheridan* v. *B'klyn & N. R. R. Co.*, 36

id. 43; *Mowery* v. *C. C. R. Co.*, 51 id. 667; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 252; *Thurber* v. *H. B., M. & F. R. R. Co.*, 60 id. 336; *McGarry* v. *Loomis*, 63 id. 107; *Fallon* v. *Central Park, etc.*, 64 id. 13; *Haycroft* v. *L. S. & M. S. R. R. Co.*, 2 Hun, 491; 64 N. Y. 636, 637; *Casey* v. *N. Y. C. & H. R. R. R. Co.*, 78 id. 518; 6 Abb. [N. C.] 104.) *Dowling* v. *N. Y. C., etc., R. R. Co.*, 90 id. 670. In case of such collisions the law does not exact from the foot traveler mathematical certainty in the measurement of time, speed and distance to avoid the imputation of being guilty of contributory negligence. (*Kellogg* v. *N. Y. C., etc., R. R. Co.*, 79 N. Y. 72; *Stackus* v. *Same*, id. 464; *Briggs* v. *Same*, 72 id. 26; *Justice* v. *Lang*, 52 id. 323; *Dolan* v. *D. & H. C. Co.*, 71 id. 285; *Greany* v. *L. I. R. R. Co.*, 101 id. 419; 83 id. 620.) The dedication, acceptance and user are complete under the proofs on the last trial, and should not be disturbed to enable a railroad company to escape the legal consequences of its negligence. (*Bridges* v. *Wyckoff*, 67 N. Y. 130; *Niagara Falls S. Bridge Co.* v. *Bachman*, 66 id. 261; *Head* v. *Brooklyn*, 60 id. 248; *Taylor* v. *Hipper*, 2 Hun, 646; *In re Ingram*, 4 id. 495; *Holdane* v. *Trustees, etc.*, 21 N. Y. 474.) Proof descriptive of the railroad in the locality where the accident happened was proper. (*McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 N. Y. 526, 527; *Leonard* v. *Same*, 42 Sup. Ct. 233; *Casey* v. *Same*, 6 Abb. [N. C.] 126; 78 id. 523; *Houghkirk* v. *D. & H. C. Co.*, 92 id. 227.)

EARL, J. There was some controversy upon the trial of this action as to whether or not the place where the plaintiff was injured was a traveled public highway, and the trial judge submitted the case to the jury upon the assumption that it was not. There was, however, evidence tending to show that there was an alley, at the place where the plaintiff was injured, which was extensively and notoriously used by the public, without any objection on the part of the defendant, or any question as to the right of all persons so to use it;

and the judge charged the jury that it was a question for them to determine to what extent and in what manner the alley was used by the public ; that if they came to the conclusion that the right of passage was there exercised by the public, as claimed by the plaintiff, notoriously and constantly, previous to and at the time of the accident, then they were required to determine the amount of care and prudence which the defendant was required to exercise in approaching and crossing the alley, and that then the defendant, while not absolutely bound to ring a bell or blow a whistle, yet was bound to give some notice and warning, reasonable and proper under the circumstances, in approaching the crossing ; and that it was for them to determine whether such notice and warning was given. The law, as thus laid down, was fully warranted by the case of *Barry* v. *New York Central and Hudson River Railroad Company* (92 N. Y. 289). In that case it was held that where the public, for a series of years, had been in the habit of crossing the railroad, the acquiescence of the defendant in the public use amounted to a license or permission to all persons to cross at that point, and imposed the duty upon it, as to all persons so crossing, to exercise reasonable care in the movement of its trains so as to protect them from injury. We think that case, notwithstanding the criticism of the learned counsel for the defendant in this case, is in entire harmony with the previous cases of *Nicholson* v. *Erie Railway Company* (41 N. Y. 525), and *Sutton* v. *New York Central and Hudson River Railroad Company* (66 N. Y. 243). In the three cases, the distinction between active negligence causing an injury, and mere passive negligence, was clearly pointed out. In the *Barry Case*, the railroad company carelessly backed its cars against the plaintiff's intestate, and thus caused his death. In the other two cases, there was no active negligence, but simply an omission properly to fasten the cars which, without any human agency, moved, and thus ran against the persons injured. The recent case of *Larmore* v. *Crown Point Iron Company* (101 N. Y. 391), was similar. There it was decided that a person who went

upon the land of another, without invitation, to secure employ-
ment from the owner of the land, was not entitled to indem-
nity from such an owner for an injury received from a defec-
tive machine on the premises, not obviously dangerous, which
he passed during the course of his journey ; and that although
it might be shown that the owner could have ascertained the
defect by the exercise of reasonable care, yet that he owed no
legal duty to a stranger so coming upon his premises which
required him to keep the machinery in repair. That was
plainly a case of mere passive negligence, an omission to keep
a machine in repair which was not obviously dangerous.
Here the ground of the defendant's liability is that its agents,
engaged actively in its service, carelessly backed a car against
the plaintiff and thus injured her. If she had been injured
from a defect of the car or engine not obviously dangerous,
the case would have been like the *Larmore Case*. If the car
had moved upon her without any human agency, simply
because it had not been sufficiently secured or fastened, then
it would have been like the cases of *Nicholson* and *Sutton*.

There are points of resemblance and points of difference
between the *Barry Case* and the other cases. Taking the
points of resemblance, a plausible argument may be made to
show that the cases conflict. But taking the points of differ-
ence, then, while the distinction between the *Barry Case* and
the other cases is not so plain as a traveled highway, it is
sufficient to require the application of different principles and
the reaching of a different result.

The facts of this case, so far as they relate to the accident,
are substantially the same as those proved upon the trial which
was under review in 83 N. Y. 620, when this case first came
to this court. Then we held that there was evidence sufficient
for the consideration of the jury, both in reference to the
plaintiff's contributory negligence and the negligence on the
part of the defendant, and we see no reason to reconsider the
conclusion in reference to those matters then reached. It is
quite true that the evidence to establish freedom from negli-
gence on the part of the plaintiff, and negligence on the part

of the defendant is very weak and liable to much criticism, and yet we are constrained to think, as we did before, that it was proper for submission to the jury.

There was evidence tending to show that no bell was rung or whistle blown upon the engine attached to the train in approaching this crossing, and the court charged the jury that the defendant was not absolutely bound to ring a bell or to blow a whistle, but that it was bound to give such notice or warning of the approaching train as was reasonable and proper under the circumstances; that it was bound to give by bell, whistle or otherwise such reasonable notice as the jury should find the circumstances required. The charge as thus made was excepted to on the part of the defendant, and its counsel requested the court to charge that if the bell was rung, as testified to by defendant's witnesses, that was a sufficient warning of the approach of the train, and that the defendant was not bound to give any other notice or warning. The judge refused so to charge and the defendant's counsel excepted. In these rulings, there was no error. The defendant was backing its train toward this crossing which was extensively and notoriously used by the public, and it was bound to use reasonable and ordinary care so as not to endanger those who might be lawfully upon its track at that crossing. And what care and precautions, if any, besides ringing the bell it should have taken upon a train thus backing were properly left for the jury to determine; and so it was held in the *Barry Case*. There, as here, there was a dispute as to whether the bell was rung or the whistle blown as a warning for the approach of the train. There the court charged the jury that in running its cars the defendant was bound to give such notice and warning as in their judgment would be regarded as reasonable and proper and calculated fairly to protect the lives of persons using the crossing; that they were to determine whether in backing the train it observed that care and caution which was called for under the circumstances; and that it had a right to back the train, but, under the circumstances of the case, the question was whether it had the right to back it without giving

warning in some way to the intestate. The defendant's counsel then requested the judge to charge the jury that if the bell was rung, the defendant was not bound to give any other warning, and in reply to the request the judge said that he left it for the jury to determine whether, under the circumstances, the ringing of the bell would have been such a warning as was requisite. This court held that there was no error in the charge as made or the refusal to charge. Judge Aɴᴅʀᴇᴡs, in his opinion, said: "We think it cannot be held as matter of law, under the circumstances of this case, that the ringing of the bell fulfilled the whole duty resting upon the defendant."

We find no error in the record, and the judgment should be affirmed with costs.

All concur.

Judgment affirmed.