# 𝔠𝔞𝔰𝔢𝔰

# FOURTH DEPARTMENT

AT

# GENERAL TERM,

## April, 1887.

---

RICHARD MURPHY, Respondent, *v.* THE NEW YORK
CENTRAL AND HUDSON RIVER RAILROAD COM-
PANY, Appellant.

*Negligence — duty of a railroad company to use ordinary care and caution to prevent
injury to the property or employees of another company, while using its tracks.*

This action was brought by the plaintiff to recover damages for injuries sustained
while in the discharge of his duties as a car repairer of the Rome, Watertown
and Ogdensburg Railroad Company in its yard, about a quarter of a mile from
the tracks of the defendant, The New York Central and Hudson River Railroad
Company. The plaintiff, who was in the employment of the Rome, Watertown
and Ogdensburg Railroad, was working at the rear of the last of two of its cars
standing on a side track, a red flag having been previously nailed by him on the
front end of the first car to indicate that it should not be meddled with. The
railroads connecting at this place with the Rome, Watertown and Ogdensburg
road did not receive the cars of the latter road until they had been repaired
by its employees.

At a time when the plaintiff had his arm around the bumper of the car, and was
putting his full weight on the last thread of the nut so as to bring it home to
its place, the car was pushed against another standing just behind it breaking
the plaintiff's arm. The movement of the car was caused by its being struck
by another car thrown against it by a shifting engine of the defendant company.

*Held,* that the questions as to whether the injury was occasioned by the negligent
conduct of the employees of the New York Central and Hudson River Railroad
Company, and as to whether the plaintiff was free from contributory negli-
gence, were properly left to the jury and that a verdict in the plaintiff's favor
would not be disturbed.

That the negligence which produced the injury was not that of a co-employee
of the plaintiff.

APPEAL from a judgment entered upon a verdict taken at Oneida Circuit, and from an order denying a motion made upon the minutes for a new trial.   The verdict was for $1,000 in favor of the plaintiff.

The plaintiff was injured on the 4th of September, 1883, while in the discharge of his duties as car repairer of the Rome, Watertown and Ogdensburg Railroad Company, in their yard, about, a quarter of a mile from the tracks of the New York Central and Hudson River Railroad Company.   He "was working upon a cattle car that was marked on both sides : ' Broken jaw.'  It stood upon the south track ; it is the south branch of the yard."  He testified that he nailed up his flag, and it was a part of his practice and duty in commencing that kind of work to nail up a flag, and that the red flag thus nailed up "indicates that there is danger there, and nothing is to meddle with it; that flag would stop a train and hold it upon a track for any man ; I laid this flag right on the side sill, and drove a nail into the wood and bent it over it ; I nailed it on the front cattle car ; there were two cattle together."   He testified he was working on the second car, on the cars south-west end of it, and the flag was upon the north-east corner of the east car, and that he worked at it until noon and then went to dinner, and commenced again at one o'clock, and that Hubbard, an employe of the Rome, Watertown and Ogdensburg Railroad Company, was working with him.   He also testified there was a car back of him ; "the bumpers did not clear more than about six inches ; I had my arm around the bumper, and I was putting my full weight on the last thread of the nut, so as to bring it home to its place with my right arm ; as I did that it was struck by a car above ; heard a collision and my arm was broken ; a car being thrown in from the other end caused the collision, and caught me . between the two bumper jaws and broke my arm off ; the minute that ever the cars struck they loosened apart, and then I stooped down and walked down towards the bank on the south side," and he testified that he "was in no way employed by the New York Central and Hudson River Railroad Company, nor in any way subject to their orders; I was hired and paid by the Rome, Watertown and Ogdensburg Railroad Company ; that day the shifting engine of the New York Central was in the yard doing shifting ; I don't think she was there when I went to dinner ; I think she stood there when I came back ; upon the track called the grain track."

It appeared that the cars that come down the Rome, Watertown and Ogdensburg Road are not transferred until they are repaired. They are repaired by the Rome, Watertown and Ogdensburg Road. The other roads will not accept them until repaired by the Rome, Watertown and Ogdensburg Road.

*C. D. Prescott*, for the appellant.

*McMahon & Curtin*, for the respondent.

HARDIN, P. J. :

In the course of his charge to the jury, the learned judge said, viz. : " The main question, as it seems to me in this case, upon the subject of negligence of the defendant, arises upon the proposition as to whether or not the employees of the defendant did something to the car that came down upon the car or cars at which the plaintiff was at work and produced the collision, and then, if they, by some act of theirs, caused this car to come down there and collide, then the question would be whether or not such act was done without the exercise, on the part of the employees of the defendant, of reasonable care in the management of the engine or cars that they were managing. And by 'reasonable care' is meant such care as a person of ordinary prudence should exercise."

We are of the opinion that the evidence produced at the trial in regard to the acts and circumstances immediately antecedent and attending the injury of the plaintiff, called for a submission to the jury of the question of fact indicated in the language from the charge which we have just quoted. There was a conflict in the evidence. It was for the jury to determine whether there was negligent conduct on the part of the employees of the defendant on the occasion of the injury. The verdict of the jury finds the facts favorable to the plaintiff in that regard. We think the evidence was such that we ought to accept their verdict as controlling upon that question. (*Bills* v. *The New York Central*, 84 N. Y., 10 ; *Canfield* v. *The Baltimore and Ohio*, 93 N. Y., 537.) Second. Whether or not the plaintiff was guilty of contributory negligence was a question of fact for the jury. While we recall the general rule that it is a part of the plaintiff's case to establish by direct or indirect, positive or circumstantial evidence, the freedom on his

part from contributory negligence causing the injuries sustained, we think, upon the evidence produced in this case, it was for the jury to determine whether he was guilty or free from contributory negligence. If the flag was up, it was the duty of the defendant's servants to observe it and govern the movement of their shifting engine accordingly. Whether the plaintiff was in the exercise of ordinary care in resting his arm on the bumper while in the closing acts of his engagement, was a question for the consideration of the jury, and the evidence is such in respect to that circumstance that the question was one of fact for the jury. The court could not properly rule, as a matter of law, that the plaintiff was guilty of contributory negligence at the instant the injury came to him. Having placed the flag in the position that he testifies as a warning, he had a reasonable reliance that no cars would be thrown against the one upon which he was engaged. It was for the jury, in view of all the facts relating to the position of the plaintiff at the time the injury was received, to say whether or not his position was unreasonable, careless, or such as in the exercise of ordinary care and prudence was proper.

The trial judge was pressed to hold, as a matter of law, that it was the negligence of the co-employees of the plaintiff which produced the injury, or contributed thereto. Reference was had to a rule of the company in whose service the plaintiff was, to the effect, viz : " Station agents are held responsible for cars left at their stations, and must see that they have brakes set and properly secured against the possibility of being blown on the main track." The principal object of this rule would seem, from its language, to prevent cars being set in motion by wind. No reasonable claim can be made upon the evidence that the injuries in question were produced by the action of the wind. On the contrary, the verdict of the jury, under the charge submitted to them, necessarily finds that the injuries were produced by the servants of the defendant moving a car which impinged upon the one the plaintiff was to work upon.

We think it was not unreasonable for the plaintiff to assume that the flag which he had nailed to the car would be seen by the servants of the defendant, and the warning given thereby would be observed. (*Newson* v. *The New York Central*, 29 N. Y., 383; *Ernst* v. *The Hudson River*, 35 id., 9; *McGrath* v. *The New*

*York Central*, 63 id., 522.) We are of the opinion that the servants of the defendant, at the time the injury was received in the operation of the defendant's cars, although in and upon the track of the Rome, Watertown and Ogdensburg road, were not fellow servants or co-employees with the plaintiff; they were not servants of the same master. (Wood's Master and Servants, § 424, p. 807; *Svenson* v. *The Atlantic Steamship Company*, 57 N. Y., 108.) In that case it was said by EARL, J., viz: "They were not the servants of a common principal in any sense, and they were not strictly engaged in the same employment. The duties of the one were confined to the steamship, and of the other to the lighter. Hence, this case does not fall within the rule that an employer is not responsible for an injury occasioned to one employee by another engaged in the same general services or undertaking." (See, also, *Smith* v. *New York and Harlem Road*, 19 N. Y., 132.) In that case SELDEN, J., says: "The rule applies only where the action is brought for an injury to a servant or agent against the principal, by whom such servant was himself employed."

It is insisted by the learned counsel for the defendant "that unless the plaintiff's injuries were the result of the acts of defendant's servants, done and performed knowingly, and with a design or intent to injure the plaintiff * * * the plaintiff should not maintain this action." It appeared that the plaintiff was in the discharge of his duty, rightfully, upon the premises of the Rome and Watertown road, at the time he received the injuries in question. It also appears that the defendant's engine and servants had entered upon the Rome, Watertown and Ogdensburg track, in pursuance of an arrangement or custom to gather cars from that road to be conducted over the road of the defendant. While upon the road of the Rome, Watertown and Ogdensburg road it was the duty of the defendant and its servants and agents to use ordinary care and caution to prevent injuries to the property or servants of the Rome, Watertown and Ogdensburg road. As was said by ANDREWS, J., in *Sutton* v. *The New York Central Railroad Company* (66 N. Y., 248), "the defendant could not act so as to mislead them (persons upon the track of the defendant) and subject them without notice to perils from which they had a right to suppose they were exempt, without responsibility in case of injury." We think that case does not

support the contention of the appellant. We think the case in hand falls within the principle laid down in *Smith* v. *The New York and Harlem Railroad Company* (19 N. Y., 127). We are of the opinion that no error was committed at the trial, and that the verdict should stand.

The judgment and order should be affirmed, with costs.

BOARDMAN AND FOLLETT, JJ., concurred.

Judgment and order affirmed, with costs.