(11 Misc. Rep. 320.)

KENNEDY et al. v. METROPOLITAN ST. RY. CO.

(Common Pleas of New York City and County, General Term.  February 4, 1895.)

STREET CARS—RIGHT OF WAY.

Street cars have preference in streets, and drivers of other vehicles must use reasonable precaution to keep out of their way.

Appeal from Third district court.

Action by William Kennedy and John Kennedy against the Metropolitan Street-Railway Company to recover for damages to plaintiffs' wagon, caused by a collision with one of defendant's cable cars at Fourteenth street, between University Place and Broadway. From a judgment entered on a verdict in favor of plaintiffs, defendant appeals.  Reversed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

John T. Little, Jr., for appellant.

A. B. Smith, for respondents.

BOOKSTAVER, J.   Plaintiffs' driver, in attempting to cross defendant's tracks, with a wagon heavily loaded, was warned that a car was coming on the downward track around the curve at University Place.   He turned his horse back across the uptown track, and before he could cross the track the wagon was struck by an uptown car, which came around the curve at Broadway.   He claimed that he looked both ways before starting across; saw the uptown car at Broadway and Fourteenth street, but did not see any car coming down.   There is a conflict as to the speed of the uptown car and as to whether the motorman applied the brakes, and endeavored to stop the car.    At the close of plaintiffs' case, and again at the close of all the testimony, the defendant moved to dismiss the complaint, upon the ground of contributory negligence on the part of plaintiffs' driver, and also upon the grounds that no negligence had been shown on the part of the defendant.   We think both motions were properly denied, as facts had been shown from which the jury could have inferred absence of negligence on the part of the driver, and negligence on the part of defendant's servant in the management of its car.   The court thereafter charged the jury, who found a verdict in favor of the plaintiff for $75.   The court, in the course of its charge, had laid down the law in regard to the respective rights of

railroads and of vehicles upon the same street in such a way as to leave it in doubt whether or not the railway had a preference upon the street, and what the duty of the driver of a vehicle was; wherefore the defendant's counsel requested it to charge that "street-railway cars have a preference in the streets, and, while they must be managed with care, so as not to negligently injure persons in the streets, other vehicles must use reasonable precaution to keep out of their way," which the court declined to charge, but said: "Street-railway cars have no preference in the streets. They are entitled by their franchises to run their cars along the rails in the manner laid down, but they must pay a due regard to the rights of others. They have no special rights; but, as I have stated, a person driving a vehicle along a street used by a street-car company, because of the fact that the driver of a car is unable to turn to the right or left, is required to consider such fact before he passes over or upon their rails,"—to which refusal the defendant duly excepted. In view of the charge already made and the evidence in the case, we think this was error. In Fenton v. Railroad Co., 126 N. Y. 625, 26 N. E. 967, the court said: "Street-railway cars have a preference in the streets, and, while they must be managed with care, so as not to carelessly injure persons in the street, pedestrians must, nevertheless, use reasonable care to keep out of their way." To the same effect, see Baker v. Railroad Co., 62 Hun, 41, 16 N. Y. Supp. 319; Belton v. Baxter, 54 N. Y. 246; Wendell v. Railroad Co., 91 N. Y. 420; Becht v. Corbin, 92 N. Y. 658. The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.