(15 Misc. Rep. 30.)

### SCHULMAN v. HOUSTON, W. S. & P. F. R. CO.

(Superior Court of New York City, General Term.   December 18, 1895.)

1. HORSE AND STREET RAILROADS—CROSSINGS—NEGLIGENCE.
   At crossings street cars and pedestrians have equal rights to the use of the streets, and what is proper care and precaution on the part of those in charge of cars to prevent accidents is a question of fact in each case.

2. SAME—WARNING AT CROSSING.
   In an action to recover for injuries received by plaintiff by being struck at a crossing by a cable car it is error to charge the jury that, in the absence of contributory negligence, if the gripman "failed to exercise due and reasonable care to warn crossing pedestrians of the car's approach, then the defendant is liable," it being conceded that plaintiff saw the car approaching before going on the track.

Appeal from jury term.

Action by Ida Schulman against the Houston, West Street & Pavonia Ferry Railroad Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before FREEDMAN and McADAM, JJ.

H. A. Robinson and J. Brownson Ker, for appellant.
D. Leventritt and J. H. Cohn, for respondent.

McADAM, J.   The action is to recover damages for personal injuries sustained by the plaintiff.   While attempting to cross the defendant's tracks at Broadway and Broome streets, on October 26, 1893, she was knocked down by one of defendant's cable cars, called by her the "south-bound car."   The accident occurred shortly after 6 p. m., when the plaintiff was going home from work, her route lying across Broadway.   The plaintiff attempted to cross on the upper crossing at Broome street.   She looked around, and observed a north-bound car very near the corner, and the south-bound car apparently about half a block away.   The north-bound car passed by, and she had almost reached the further rail of the first track in safety, when a horse and wagon, moving westerly from Broome street into Broadway, turned into the space between the tracks; the horse towards the plaintiff's face; the wagon sweeping around when the horse was reined in, cutting off her progress.   While the plaintiff's attention was occupied with this threatened danger, the south-bound car bore down upon her, striking her with such force that she was thrown several feet before she fell; and the car, still advancing, came in contact with her again before it was stopped.   There is the conflict usual in cases of this character; but as the jury, on evidence satisfactorily sustaining the result, found for the plaintiff, we assume the facts to be as stated by her.

While it has been held that street cars have a preference in the streets, and that it is the duty of pedestrians to respect that right (Fenton v. Railroad Co., 126 N. Y. 625, 26 N. E. 967; Kennedy v. Railway Co. [Com. Pl.] 32 N. Y. Supp. 153), we must not be

unmindful of the fact that this accident occurred at a crossing where pedestrians, particularly at this hour in the evening, are expected to cross the thoroughfare in large numbers, and where their right to do so is not subordinate, but equal, to that possessed by the railroad company. The defendant's car was propelled by cable, and was capable of attaining a high rate of speed. While the defendant had a right to use this motive power, it was the introduction of a new agency, and care commensurate with the danger was required in its management. Though there is no statutory duty imposed upon the defendant to sound a gong or give other warning, it is nevertheless true that, if the exercise of proper care in the management of the car in a particular case requires some warning to be given, it is negligence not to give it. Byrne v. Railroad Co., 104 N. Y. 362, 10 N. E. 539. The case was one peculiarly for a jury; it was for them to say whether the position the plaintiff occupied was assumed through her own negligence, whether she found herself there without fault on her part, and whether the gripman, under the circumstances, exercised that care which the exigencies of the occasion required. The verdict, which is moderate in amount, seems to be justified by the evidence, and we are not disposed to disturb it on the facts.

The most serious question in the case is presented as follows:

"Plaintiff's Counsel: I ask your honor to charge that if the gripman, upon approaching the crossing, failed to exercise due and reasonable care to warn crossing pedestrians of the car's approach, then the defendant is liable. The Court: And the plaintiff was entirely free from any contributory negligence. With the qualifications added by the court, the request is charged. (Exception taken by defendant's counsel.)"

It will be observed that, while the court did not charge that there was any absolute duty on the part of the gripman to sound the gong, it gave a binding instruction to the effect that, if he failed to warn crossing pedestrians of the car's approach, the defendant was liable. This was going too far. In view of the conceded fact that the plaintiff saw the car approaching, warning to her was unnecessary. Sounding the gong or shouting would therefore have been of little practical service. A vigorous application of the brakes was what was required, and if the gripman had applied them in time, and stopped the car as soon as that could be done by the exercise of reasonable care on his part, the defendant, as matter of law, would not be liable. No defect in the brakes was alleged or proved, and it must be assumed, therefore, that they were amply sufficient for all exigencies. Yet, irrespective of this controlling feature, the mere failure to warn crossing pedestrians was charged to be an omission of duty in itself sufficient to make the defendant liable. This was error, for which the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.