writ. If it had been shown, as it was apparently in De Wolf v. Williams, 69 N. Y. 621, that the questions involved matters "clearly within the knowledge of the witness, and not the expression of an opinion upon facts proven," they might have been admissible. But in this case each of the questions was "properly overruled for the reason that an answer to each of them called for a construction which the witness would place upon the facts, * * * or his opinion in reference to them." Nicolay v. Unger, 80 N. Y. 54. If the witnesses whom counsel for the plaintiffs practically asked, by the questions excluded, to determine the essential fact in the case, clearly had such knowledge as to make them capable of testifying to the construction which they placed upon the facts going to make up possession or title to possession, the plaintiffs easily might have had the competent evidence by properly asking therefor, which they neglected to do. The judgments should be affirmed, with costs.

---

### ANDERSON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. December 28, 1899.)

1. NEGLIGENCE—IMPUTED NEGLIGENCE.

    Where it does not appear that plaintiff had any control or management of a wagon driven by his fellow servant, and in which he was riding when the accident occurred, the doctrine that the driver's negligence is to be imputed to him will not apply in an action for damages for injuries from a collision between the wagon and defendant's street car.

2. CONTRIBUTORY NEGLIGENCE.

    Plaintiff was injured while riding on an ice wagon driven by his fellow servant. The wagon was approaching a street intersection from the east, at a slow walk. When it reached the intersection, plaintiff testified that he saw a car coming rapidly from the south, and 30 feet from the south crossing. The ice wagon did not stop, was struck by the car, and plaintiff was injured. Plaintiff did not slip from the wagon, or ask his fellow servant to stop or alter his course. *Held*, that plaintiff was not free from fault, under the circumstances.

3. SAME—INSTRUCTIONS.

    In an action for injuries resulting from negligence, it is error to refuse defendant's request for an instruction that, if both plaintiff and defendant were negligent, then plaintiff cannot recover, although an instruction had been given that if plaintiff, by his negligence, contributed to the injury, he could not recover.

4. NEGLIGENCE.

    The law will not undertake an apportionment of fault between plaintiff and defendant in an action based on negligence.

5. NEGLIGENCE.

    In an action for injuries sustained by being struck by defendant's car, where plaintiff testified he saw the car approaching, negligence on the part of the defendant cannot be predicated on a failure to ring the gong.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Andrew Anderson against the Metropolitan Street-Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Henry A. Robinson, for appellant.

Charles P. Loeser, for respondent.

MacLEAN, J. In this action to recover for personal injuries, it appears that the plaintiff, a helper upon an ice wagon, and the driver by whose side he was sitting, both servants of a common master, were driving easterly through Twenty-Sixth street, with 52 hundredweight of ice, drawn by two horses. When they came to Eighth avenue, each saw a car belonging to the defendant approaching rapidly from the south,—30 feet below the south crossing, the plaintiff testified; more than 100 feet south of that crossing, as the driver testified. The horses were on a slow walk, and so continued; but, while they were attempting to cross the north-bound track, the car struck the wagon, and the plaintiff, as he says, was thrown out and injured.

The plaintiff in no wise appearing to have control or management, the doctrine contended for by the appellant, that if the driver was negligent his negligence was to be imputed to the plaintiff, so as to bar recovery, does not apply. Hobson v. Milk Co., 25 App. Div. 111, 49 N. Y. Supp. 209. See, also, Hoag v. Railroad Co., 111 N. Y. 199, 18 N. E. 648. The questions for the jury to determine were, was the plaintiff free from negligence, and was the defendant at fault. As the plaintiff was bound to establish affirmatively his own freedom from fault, and as the situation was not one to paralyze him with fear or to provoke him to sudden mistake, he had to show affirmatively that he did what a reasonable and prudent man would have done under the circumstances to prevent the injury to himself of which he now complains. Yet when he saw himself slowly moving, or being moved, into a place of danger, before a rapidly moving car, he did not slip from the wagon, nor even ask his fellow servant to stop or alter his course, when, at the westerly side of Eighth avenue, he saw the car 30 feet below the crossing, nor when the horses were at the easterly track, and he saw the swiftly-coming car but 10 feet below that crossing. It is therefore difficult to see a basis, and basis there had to be, for the jury to find that the plaintiff was free from fault.

The court was requested to charge "that, if the jury find that both the plaintiff and the defendant were negligent, their verdict must be for the defendant"; but the court said in reply, "I have charged what the law is in relation to negligence, and it is for the jury to determine how much negligence there was upon the part of the plaintiff or defendant;" and the defendant excepted. Such refusal was error, and may not here be disregarded; for, although the learned justice had said "that if the plaintiff, by his own negligence, contributed to any injuries he may have sustained, he cannot recover," he had omitted to state the rule as requested by the defendant, and which the defendant was entitled to have charged substantially to the jury. The language of the refusal was misleading, as introducing a possible apportionment of fault, which the law will not undertake. Again, the court was requested to charge "that, if the

plaintiff saw the car, the negligence of the defendant cannot be predicated on an alleged failure to ring the gong." This the court refused, saying, "You cannot tell what the plaintiff saw, as he was not driving the car;" and the defendant excepted. This, too, was error, because such warning was unnecessary, in view of the fact, testified to by himself, that the plaintiff saw the car approaching. Schulman v. Ferry Co., 15 Misc. Rep. 30, 36 N. Y. Supp. 439. The judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, J., concurs, on the ground that it was error to refuse to charge that, if the plaintiff saw the car, the defendant's negligence cannot be based upon the failure of the defendant to ring the gong. LEVENTRITT, J., takes no part.