ANTHONY BECHT, Administrator, etc., Respondent, *v.* AUSTIN
CORBIN, Receiver, etc., Appellant.

(Argued March 14, 1883 ; decided June 5, 1883.)

THIS action was brought against defendant, who, as receiver
of the Long Island Railroad Company, was operating the rail-
road of that company, to recover damages for alleged negligence
causing the death of Adam Becht, plaintiff's intestate.

The road runs through Atlantic avenue in the city of Brook-
lyn, and the deceased, in attempting to cross that avenue, was
struck by an engine passing on said road and was killed. The
opinion, which is given in full, states the other material facts.

"Under the decisions in the cases of *Reynolds* v. *N.
Y. C. & H. R. R. R. Co.* (58 N. Y. 248), and *Cor-
dell* v. *N. Y. C. & H. R. R. R. Co.* (75 id. 330),
the motion for a nonsuit should have been granted. The
plaintiff not only failed to furnish any affirmative proof of
due care on the part of the deceased in approaching the track,
but the only direct proof in the case is to the contrary. The
only witness who saw the deceased struck testifies that he saw
him when he left the sidewalk, and that he was running at the
time, with his head down ; that he ran obliquely across the
track toward the engine, partially facing the engine as he ran.
The witness noticed deceased from the time he left the side-
walk until he was struck, and that he did not look up toward
the engine at all until he was directly in front of it on the
track. This evidence, though uncontradicted, was not conclu-
sive, the witness being the conductor of the train to which the
engine belonged, and if the burden had been upon the defend-
ant to prove affirmatively the negligence of the deceased, there

might have been a question for the jury as to the truth of the testimony. But the burden of proving due care rested upon the plaintiff, under the cases cited, and the only direct proof, as before said, was to the contrary.

"Independently of this direct proof there is nothing in the circumstances of the case which is not, to say the least, quite as consistent with the negligence of the deceased, as with due care on his part. But the preponderance is greatly on the side of his negligence. Indeed, it is almost if not quite conclusive. The point from which the deceased started to cross the avenue and the point on the track where he collided with the engine are conceded, and these points show that he was crossing the avenue obliquely in a north-easterly direction, partially facing the engine, which was approaching from the east, as stated by the conductor. Although it was dusk, and assuming that the engine had no headlight, yet it appears by the testimony of the plaintiff's witnesses that it could be seen at a much greater distance than was necessary to enable the deceased to avoid it. It must have been within only a few feet of him when he stepped on the track in front of it. If he had looked at all he must have seen it. The only theory upon which it is claimed that the jury could find that the deceased exercised due care is that he may have looked and seen the engine and supposed it was running away from him, instead of toward him. But if he had been attentive he could not have supposed this. From the place where he left the sidewalk to the point on the track where the engine struck him was a distance of more than half the width of the avenue. He was crossing in a north-easterly direction. If the engine had come from the west and was going east it must have passed him while he was crossing. When he stepped upon the track, if he had looked, he would have seen it a few feet to his right, that is, to the east, and that it was in motion. It could not have got in that position without his observing it, had he paid any attention, unless it was coming from the east. If he had seen it under these circumstances, can it be assumed that he exercised due care in attempting to cross the track as he did? The circumstances are all inconsistent with the theory that he exercised such care, and

the plaintiff should, under the decisions before cited, have been nonsuited."

*Edward E. Sprague* for appellant.

*Anthony Barrett* for respondent.

RAPALLO, J., reads for reversal and new trial. All concur, except DANFORTH, J., not voting. Judgment reversed.