HARNETT v. WESTCOTT, President.

(*Superior Court of New York City, General Term.*   October 25, 1888.)

CARRIERS—ACTIONS AGAINST—EVIDENCE—ADMISSIONS OF OFFICERS.
    Evidence that the president of an express company admitted, upon demand being made to him for plaintiff's trunk, that the trunk had been in company's possession, is admissible, in an action to charge it for the loss of the trunk.

Appeal from jury term; P. H. DUGRO, Judge.
    Action by Richard V. Harnett against Robert Westcott, as president of Westcott's Express Company, for the value of a trunk and its contents. Verdict and judgment for plaintiff for $690, and defendant appeals. For opinion on motion to dismiss appeal, see 2 N. Y. Supp. 10.
    Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.
    *Austen G. Fox,* for appellant.   *Ira D. Warren,* for respondent.

TRUAX, J.   The action was tried before the court and jury. A verdict was found for the plaintiff, and thereupon the defendant made a motion for a new trial, "on the judge's minutes, on the exceptions taken during the trial, and upon the ground that the verdict was against the weight of evidence." This motion was denied, and from the order denying this motion the defendant appealed. The action was brought to recover the value of a trunk and its contents, which plaintiff alleges he delivered to the defendant. The defendant denies that the trunk was ever delivered to it. The plaintiff was on his way to New York on one of the trains of the New York Central & Hudson River Railroad Company, where one of the agents of the defendant, whose business it was to solicit baggage for transportation, applied to the plaintiff for his baggage. The plaintiff gave this agent a check for a trunk, and the agent gave plaintiff the usual receipt therefor. The trunk not being delivered to plaintiff, he went to the office of the company, and demanded it from the president of the company. The principal question in the case arises on the exception taken to the admission of the statement that was made by the president of the company at the time this demand was made. There is no evidence, other than the admission of the president, that the trunk ever came into the possession of the defendant; and, if it was error to receive this statement in evidence, the order must be reversed, and a new trial must be ordered.
    A witness was called by plaintiff who testified that, some three weeks after the occurrence above mentioned between plaintiff and defendant's agent, he (the witness) called upon Mr. Westcott, the president of the defendant, at the office of the defendant, and demanded the trunk or the check. The counsel for the defendant then objected to any declarations or statements made by the witness, on the ground that they were "inadmissible to bind the defendant, having been made after the alleged losses," and were hearsay. This objection was overruled, and the exception to this ruling presents the principal question in the case. We are of the opinion that this ruling was right. The witness called on the president of the company for the purpose of making a demand on him for the return of the plaintiff's goods. Certainly the president of a corporation is the proper person on whom one who has delivered property to the corporation should call for the purpose of receiving information about such property. The plaintiff could not recover without alleging and proving a demand and refusal. He had made such an allegation in his complaint. Thus the making of the demand, and the refusal to comply with it, became one of

the issues of the case. What was said by both parties at the time the demand was made was part of the *res gestæ* of that particular transaction, and "related to and accompanied an act done in the course of the agency" of the defendant's president. See *White* v. *Miller*, 71 N. Y. 118. It is also to be noticed that the defendant objected to "any declarations or statements." This objection is too broad, for, if sustained, it would have prevented the witness from testifying that the president of the defendant had refused to comply with the demand. If it was not error to receive this evidence, then the verdict was not against the weight of evidence. It is true that one of defendant's employes testified that the trunk never had been received by the defendant; but this evidence, even if it had not been contradicted, was not conclusive, (see *Becht* v. *Corbin*, 92 N. Y. 658,) but it was contradicted by the statement of the president that the defendant had received the trunk. It may be that the president had seen the trunk in defendant's possession. We have examined the other questions in the case, and find no error that calls for the reversal of the order. The order is affirmed, with costs, etc.

SEDGWICK, C. J., (*concurring.*) In my judgment there was no error in denying the motion for a new trial, and I think that the order should be affirmed, with costs.