## QUINN v. NORTH SAND CO.

### (Supreme Court, Appellate Term, First Department. March 7, 1913.)

1. ANIMALS (§ 3*)—PERSONAL INJURIES—ESTRAYS.
   In an action for personal injuries caused by a horse running loose, evidence *held* to warrant a finding of defendant's ownership of the horse.
   [Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 8–12, 264; Dec. Dig. § 3.*]

2. EVIDENCE (§ 244*)—ADMISSIONS BY PRESIDENT OF CORPORATION.
   The admission by the president of a corporation of the ownership of a horse which had injured plaintiff is binding on the corporation, and evidence to show such an admission is admissible.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 916–936; Dec. Dig. § 244.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Katie Quinn, by Eva Quinn, her guardian ad litem, against the North Sand Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Charles Weishaupt, of New York City, for appellant.
Michael J. Horan, of New York City, for respondent.

GERARD, J. [1, 2] The infant plaintiff sues to recover for personal injuries sustained by her through being either kicked or knocked down by a horse which was running loose and unattended across the Southern Boulevard in the borough of the Bronx. The only point made is that there was not sufficient proof as to the ownership of the horse by the defendant.

There was evidence, however, that Mr. North, the president of the defendant, called upon the mother of the plaintiff and said, "Yes, it was my horse," and said, "I will see you all right." Appellant claims that this admission cannot be taken as against the corporation, and cites a number of cases holding that, where admissions are made by conductors, etc., after the time of the accident, and by officers of corporations as to past events, these cannot be given in evidence as against the corporation.

It seems to me that as, under the present state of the law in this state, a president has power to bind the corporation by a contract, he is able to bind it by a mere admission as to ownership. In Harnett v. Westcott, 3 N. Y. Supp. 7, a decision of the General Term of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Superior. Court, it is held that the admission of the president of a corporation that the corporation held plaintiff's trunk in its possession could be given in evidence as against the corporation. This case was affirmed without opinion in 121 N. Y. 668, 24 N. E. 1094, and seems controlling.

There was further evidence that the horses, one of which caused the accident, were led away to a stable by a colored man, and there was evidence that defendant's horses were in charge of a colored man and were pastured in the lot from which the horse which caused the accident came.

Defendant's president claimed that his two visits to the mother of the plaintiff were actuated absolutely by curiosity and no other reason —certainly an absurd explanation of his admission.

The judgment should be affirmed, with costs. All concur.