ALTHA M. WELLS, as Administrator, etc., of JAMES WELLS, Deceased, Appellant, v. THE BROOKLYN CITY RAILROAD COMPANY, Respondent.

*Horse railroad — injury to one crossing its tracks — contributory negligence.*

A man sixty-one years of age started to cross a street after looking both ways, and while a horse car was fifty feet away. He crossed the first and second tracks of the horse railroad company, and got partly across the third track when he was struck by the horses attached to the car, was thrown under the wheels of the car and was fatally injured. The car was going faster than usual, and although the man was in full view of the driver its speed was not slackened.

*Held,* that the question of contributory negligence on the part of the deceased should have been submitted to the jury.

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 11th day of January, 1890, in favor of the defendant, dismissing the plaintiff's complaint after a trial before the court and a jury at the Kings County Circuit.

The action was brought to recover damages resulting from the death of the plaintiff's husband, who was run into by one of the defendant's horse cars, was knocked down and received injuries which resulted in his death.

*Payne, McGuire & Low,* for the appellant.

*Morris & Whitehouse,* for the respondent.

Barnard, P. J.:

There was sufficient evidence produced upon the part of the plaintiff to go to the jury. The accident happened on the 27th of November, 1888, between six and seven o'clock in the evening. The plaintiff was sixty-one years of age and attempted to pass over Flushing avenue in front of the defendant's street car and was killed. When he started from the corner of Throop and Flushing avenues, and when he started to cross, he was observed to look both ways and start after this observation. The car was then fifty feet away. The deceased got across the first and second track and partly across the third track when he was struck by the car horses and thrown under the wheels of the car and fatally injured, although the car did not

pass over him. The negligence of the defendant consists in this: The car was going faster than usual and did not slack up its speed until the man was struck, although in full view of the driver of the car. The witness Schnidler thought he would have time to cross safely with the high rate of speed which continued until the accident, when the driver put on brakes to stop the car. The driver did not see the deceased until he got within twelve feet of him and the horses were within six feet of him. It was then too late to save the man who was crossing, as it takes eight feet to stop the car. The deceased was a little deaf. The driver was bound to be watchful, especially in a crowded city, so as not to injure persons crossing the street. (*Moebus* v. *Herrmann*, 108 N. Y., 349.) It does not appear that he did so, if he could see fifty feet ahead of him, and did see a man crossing the street, and kept up a rapid rate of speed until the horses were within six feet of the person crossing, and when the accident could not be prevented. The contributory negligence of the deceased was a question for the jury. It was not negligence on his part to attempt to pass in front of a car fifty feet away, as matter of law. The neglect of the defendant being found, it will go far towards acquitting the deceased of neglect. He probably assumed that the rate of speed was less than it was, or that the driver would slightly slacken the speed. (*McClain* v. *Brooklyn City R. R. Co.*, 116 N. Y., 459.)

The order dismissing the complaint and the judgment thereon should be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.