EMMELINE C. BAKER, by WILLIAM H. BAKER, HER GUARDIAN AD LITEM, RESPONDENT, *v.* THE EIGHTH AVENUE RAILROAD COMPANY, APPELLANT.

*Negligence — a child injured by a horse car — when a driver is not negligent.*

In an action brought against a corporation to recover damages alleged to have resulted from its negligence, it appeared that a child eight years old attempted, at a point in a city street where there was no established crossing, to cross the street; that the child passed behind a car going up-town and was almost instantly struck by a horse, or by the collar of a horse attached to a car going down-town, and was by this means thrown under the car.

One witness for the plaintiff testified that just before the accident the driver was looking away from the child. At the moment of the accident the driver pulled the horses in a direction opposite to that of the child, and the plaintiff claimed that this act caused the accident.

*Held,* that a verdict against the corporation could not be sustained.

That the driver had no reason to expect that a person would, at such a point, attempt to cross behind an up-town car.

That he had to act quickly in attempting to avoid the accident, and even if by letting his horses go straight ahead it might have been avoided, it could not be said that his act in pulling his horses to one side was negligence.

That, although street railway cars have a preference in streets, and must be managed with care, a pedestrian is also bound to exercise reasonable care in keeping out of their way.

APPEAL by the defendant, the Eighth Avenue Railroad Company, from a judgment, entered in the office of the clerk of the city and county of New York on or about the 18th day of February, 1891, upon a verdict for the plaintiff for $5,000, after a trial at the New York Circuit before the court and a jury; also from an order, made upon said trial on or about the 17th day of February, 1891, denying the motion of said defendant to set aside said verdict and for a new trial upon the minutes of the court.

*John M. Scribner,* for the appellant.

*Jacob Fromme,* for the respondent.

INGRAHAM, J.:

A review of the evidence in this case has satisfied us that the finding of the jury that the injury was caused by defendant's negligence cannot be sustained. There were three witnesses called on behalf of plaintiff as to the occurrence that resulted in the injury. The plaintiff herself, a child eight years of age at the time of the accident, testified that she passed behind a car going up town, and as she did so a car came down town, the horses, as she stood between the tracks, being directly in front of her; that she stood between the up-town track and the down track; that she saw the driver pull the horses away from her; as he did so she was struck by the hip of the horse nearest to her and was thrown under the car. The place at which the plaintiff crossed was about midway between two cross streets; there was no cross-walk in that vicinity.

Haley, a witness called for the plaintiff, testified that he noticed the child pass behind the up-town car; that he saw her struck by the collar of the horse attached to the down-town car; that at that moment the driver pulled the horses around to the west away from the child and the child was then struck by the hip of the horse and was thrown under the car. He also testified that shortly before the accident he saw the face of the driver turned toward the west.

Finnelly, a policeman, was the third witness called for plaintiff. He testified that he was on the back platform of the up-town car; saw the child pass behind the car and stand between the tracks, and that he noticed that one of the horses was outside of the rail,

between the two tracks, and that the plaintiff was knocked down by the flank of the horse and her leg got under the car.

There was no reason for the driver to expect that a person would attempt to cross from behind the up-town car; there was no cross-walk at which persons were in the habit of crossing, and the mere fact that he, at that moment, turned his head away from the horses or the front of the car would not of itself justify a finding of negligence.

Haley says that the collar of the horse striking the child was what attracted the attention of the driver. The plaintiff herself says that she was struck by the back of the horse, and Finnelly, the policeman, says that the first thing he saw was plaintiff knocked down by the flank of the horse.

It is not material which of these versions is accepted. It is apparent that the appearance of the child so near the track and in a place of possible danger justified the driver in taking means to avoid an accident. He had to act rapidly, with little time for reflection; and it cannot be said that because it now appears probable that, had he allowed his horses to go straight on, the child would have escaped, justifies a finding that he was negligent; at most it was an error of judgment as to what, under the circumstances, would most likely prevent an accident, and there is no question but what he acted in good faith, and did what he supposed, under the circumstances, was the best thing to do.

As was said in the case of *Fenton* v. *The Second Avenue Railroad* (126 N. Y., 627): "Street railway cars have a preference in the streets, and while they must be managed with care so as not to carelessly injure persons in the street, pedestrians must, nevertheless, use reasonable care to keep out of their way."

There was no reason why this child should have passed behind the car and stood so near the track of the down-town car that the horse could hit her; and the driver had no reason to expect that any person would act as the plaintiff testifies that she did. His efforts, made in good faith and in the exercise of his best judgment at the time, to avoid injury, will not justify a finding that he was negligent.

The testimony of the defendant gives a slightly different aspect to the case, but makes it only more clear that the action of the driver was, under the circumstances, judicious and proper.

We think, therefore, that the court should have directed a verdict for the defendant, and it follows that the judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

Van Brunt, P. J., concurred in result.

Daniels, J.:

I think the case was not for the jury, but for a dismissal of the complaint, and, therefore, agree to a reversal and new trial.

Judgment reversed and new trial ordered, with costs to appellant to abide event.