MARGARET E. THOMPSON, as Administratrix, etc., Respondent, *v.* BUFFALO RAILWAY COMPANY, Appellant.

A minor, although not supposed to possess the judgment, caution and prudence of a person of mature years, is, unless shown not to be *sui juris*, expected and required to exercise the measure of care and caution that is common and usual in one of the same age.

While persons have the right to cross a street on which a street railroad is operated at any place they may select, and are not confined to the street crossing, yet the railroad cars have the preference between the crossings, and although the cars must be managed with care so as not to injure persons in the street, yet pedestrians must use reasonable care to keep out of their way.

A., a girl fourteen years of age, was playing with companions in a city street in front of her residence, through which street ran defendant's road, an electric double-track street railway. She started across the street, but stopped until a car running west on the nearest track had passed, and then started to run across in the rear of the car without pausing to see if a car was approaching on the other track. As she reached the other track she was struck and killed by a car going east thereon. In an action to recover damages it appeared that the day before the accident defendant had changed its motor power from horses to electricity, and that the cars were running at a higher rate of speed than sanctioned by the city ordinances. A. was familiar with defendant's tracks, cars and their mode of operation. *Held* (O'BRIEN, J., dissenting), that A. was chargeable with contributory negligence; and so, that the action was not maintainable.

(Argued February 7, 1895; decided February 26, 1895.)

Appeal from judgment of the General Term of the Superior Court of Buffalo, entered upon an order made July 2, 1894, which overruled defendant's exceptions and directed judgment in favor of plaintiff upon verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Porter Norton* for appellant. The court erred in denying plaintiff's motion for a new trial. (*Tucker* v. *N. Y. C. & H. R. R. R. Co.*, 124 N. Y. 317, 318; *Wendel* v. *N. Y. C. & H. R. R. R. Co.*, 91 id. 420; *Weston* v. *City of Troy*, 139 id. 281; *Baker* v. *E. A. R. R. Co.*, 62 Hun, 39; *Fenton* v. *S. A. R. R. Co.*, 126 N. Y. 625; *Davenport* v. *B. S. R. R. Co.*, 100 id. 632; *Reich* v. *U. R. Co.*, 78 Hun, 417; *McLane* v. *B. C. R. R. Co.*, 116 N. Y. 459.) There was no evidence showing any fault or negligence on the part of the defendant. (*Francisco* v. *T. & L. R. R. Co.*, 78 Hun, 14; *Alexander* v. *R. C. & B. R. R. Co.*, 128 N. Y. 13; *Donnelly* v. *B. C. R. R. Co.*, 109 id. 21; *Stone* v. *D. D., E. B. & B. R. Co.*, 59 id. 456.) There were errors in the admission of evidence. (*Francisco* v. *T. & L. R. R. Co.*, 78 Hun, 13.)

*George W. Cothran* for respondent. The court properly refused to grant a non-suit. (*Ernst* v. *H. R. R. Co.*, 35 N. Y. 9; *Palmer* v. *N. Y. C. & H. R. R. R. Co.*, 112 id. 243–245; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 72; *Swift* v. *S. I. R. R. Co.*, 123 id. 646; *Johnson* v. *H. R. R. R. Co.*, 20 id. 65; *Galvin* v. *Mayor, etc.*, 112 id. 223, 228; *O'Neil* v. *N. Y., O. & W. R. Co.*, 115 id. 579; *Hill* v. *N. A. R. R. Co.*, 109 id. 239; *McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 id. 523; *Knupfle* v. *K. I. Co.*, 84 id. 488; *Massoth* v. *D. & H. C. Co.*, 64 id. 531, 532; *Wasmer* v. *D. & L. R. R. Co.*, 80 id. 212; *Briggs* v. *N. Y. C. R. R. Co.*, 72 id. 26; *Oldenburg* v. *N. Y. C. & H. R. R. R. Co.*, 124 id. 414; *Jetter* v. *N. Y. & H. R. R. Co.*, 2 Abb. Ct. App. Dec. 456.) Deceased was not negligent. (*Huerzeler* v. *C. C. T. R. R. Co.*, 139 N. Y. 490; *Bevy* v. *N. Y. C. & H. R.*

*R. R. Co.*, 92 id. 295; *Swift* v. *S. I. R. R. Co.*, 123 id. 646; *McClain* v. *B. C. R. R. Co.*, 116 id. 464; *Fenton* v. *S. A. R. R. Co.*, 126 id. 625; *Rottenberg* v. *Segelke*, 6 Misc. Rep. 3; *Murphy* v. *Orr*, 96 N. Y. 14; *Moskovitz* v. *Lighte*, 68 Hun, 102; *Birkett* v. *K. I. Co.*, 110 N. Y. 504; *Bernhard* v. *R. R. Co.*, 68 Hun, 369; *Moebus* v. *Herrmann*, 108 N. Y. 349.) In a public street, a person has a right to cross at any point that suits his convenience, no matter how many cars are in the street, or where the point is. (*Moebus* v. *Herrmann*, 108 N. Y. 349; *Smedis* v. *B.*, etc., *R. R. Co.*, 88 id. 14; *McClain* v. *B. C. R. R. Co.*, 116 id. 460–469; *Brusso* v. *City of Buffalo*, 90 id. 679; *Fleckenstein* v. *D. D.*, etc., *R. R. Co.*, 105 id. 655.)

HAIGHT, J. This action was brought to recover damages for the alleged negligently killing of plaintiff's intestate. Alcy, the deceased, was a daughter of the plaintiff, fourteen years of age, large for her years, and had been to school for two years.

The defendant was engaged in operating an electric double-track street railway in Broadway in the city of Buffalo.

On the 26th day of May, 1893, between 8 and 9 o'clock in the evening, Alcy with six other girls were engaged in playing "I spy" on Broadway, nearly in front of her residence, between Warner and Rother avenues. Alcy was on the northerly side of Broadway and started to run across to the southerly side. As she approached the northerly track of the defendant's road a car from the east going west passed. She stopped until the car was by and then started to run across the street in the rear of the car, and, as she reached the southerly track, she was struck by one of defendant's cars going east on that track and killed.

Upon the trial evidence was given on behalf of the plaintiff tending to show that the defendant's car upon the southerly track was proceeding at a higher rate of speed than was sanctioned by the ordinances of the city, and that no gong was sounded announcing its approach.

The only question which we are called upon to consider relates to the contributory negligence of the deceased. This question is presented by motions for non-suit, for a direction of a verdict, and by a request that the court charge the jury "that if the girl passed immediately behind the west-bound car, without stopping to look in both directions to ascertain if a car was approaching, that the plaintiff cannot recover," all of which were refused and exceptions taken.

Although a minor, no claim is made that Alcy was not *sui juris.* Whilst she may not have possessed the judgment, caution and prudence of persons of more mature years, she was expected and required to exercise the measure of care and caution that is common and usual in one of her age. She was familiar with the defendant's tracks, cars, and their mode of operation. It is true that the day before the defendant had changed its motor power from horses to electricity, but we are unable to discover how she was misled or deceived by this change. Whilst persons have the right to cross streets at any place they may select, and are not confined to street crossings, street railway cars between such crossings have a preference, and, while they must be managed with care so as not to injure persons in the street, pedestrians must, nevertheless, use reasonable care to keep out of their way. (*Fenton* v. *2d Ave. R. R. Co.*, 126 N. Y. 625.)

In *Baker* v. *8th Ave. R. R. Co.* (62 Hun, 39) a child eight years of age passed behind a car going in one direction on to the other track, and was struck by the horses of another car going in the opposite direction, and it was held in the first department that there could be no recovery.

In *Reich* v. *Union R. Co.* (78 Hun, 417) a boy was playing in the street with some comrades in the evening. It was pleasant, but dark. His comrades started to chase him. He ran behind a car going north, crossing the avenue diagonally, tending toward the south, and when he stepped upon the south-bound track was struck by a south-bound car and killed. It was held that a non-suit was proper.

In *Scott* v. *Third Ave. R. R. Co.* (41 N. Y. St. Repr. 152)

the plaintiff and her husband were attempting to cross 125th street in the city of New York, upon which cable cars are operated, about half-past nine o'clock in the evening. They approached the track and stopped for a car to pass going west. As soon as the car cleared the crosswalk they proceeded to cross, and, upon stepping upon the south track, were struck by an east-bound car. A judgment in favor of the plaintiff was reversed.

In *Tucker* v. *N. Y. C. & H. R. R. R. Co.* (124 N. Y. 308) a boy twelve years old was killed by one of the defendant's locomotives when attempting to cross its tracks. The day was windy and it was snowing, but not enough to obstruct the view. The street upon which he was traveling was crossed by four of defendant's tracks. He stopped in the center of one of the tracks facing in the direction of the locomotive, which was backing down at a high rate of speed. If he had looked he could have seen the approaching engine. From the point where he stood to the center of the track, where he was struck and killed, the distance was fourteen feet. After changing a bag he was carrying from one shoulder to the other, he started on without again looking in the direction of the engine. It was held that he was guilty of contributory negligence. (See *Wendell* v. *N. Y. C. & H. R. R. R. Co.,* 91 N. Y. 420; *Reynolds* case, 58 id. 248; *Davenport* v. *Brooklyn City R. R. Co.,* 100 id. 632.)

Such is the trend of the authorities, and applying the rule repeatedly asserted in this court to the facts under consideration, we can discover no theory upon which this judgment can be sustained. The deceased knew of the danger, and of the necessity to keep a lookout for passing cars, and yet evidently interested and excited by her game dashed suddenly across the street in the rear of a passing car without pausing to look or observe the approaching car upon the other track.

It is said that she may have been deceived in reference to the approaching car by reason of its speed, but she could not have been deceived unless she saw it. Had she seen it approaching before the other car passed, she would hardly have

been justified in attempting to cross the street after the first car had passed without again looking for the approaching car.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

All concur, except O'BRIEN, J., dissenting.

Judgment reversed.