WILLIAM CURRY, Respondent, *v.* ROCHESTER RAILWAY COMPANY, Appellant.

*Contributory negligence — failure to look when on a railroad track.*

Upon the trial of an action brought to recover damages resulting from injuries caused, as alleged, by the negligence of the defendant, a street railway corporation, there was conflict in the evidence as to the manner in which the accident happened, the plaintiff claiming that the car by which he was struck was preceded by another but a few feet away, and that when he stepped on the track in the rear of the first car he was struck by the second, the defendant, on the

other hand, claiming that no car passed the place in question from the time the plaintiff left the sidewalk until the arrival of the car by which he was injured, and that the plaintiff stepped upon the track and remained there looking in the opposite direction from that in which the car was approaching.

The defendant's counsel requested the court to charge the jury that if they found that after the plaintiff left the sidewalk and started to cross the street only one car passed, and that that was the one which injured him, and that he stepped upon the track in front of that car without looking, and that had he looked he could have seen it coming, and that if he was, by reason of his omission to look, knocked down and injured, his conduct constituted contributory negligence as a matter of law.

*Held*, that the defendant was entitled to the charge requested, and that a refusal so to charge was an error for which the judgment must be reversed.

WARD, J., dissenting.

APPEAL by the defendant, the Rochester Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 30th day of April, 1895, upon the verdict of a jury rendered after a trial at the Monroe Circuit, and also from an order entered in said clerk's office on the 30th day of April, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Charles J. Bissell*, for the appellant.

*Chamberlain & Page*, for the respondent.

BRADLEY, J. :

On July 25, 1893, the plaintiff was struck and injured by an electric street car of the defendant going westerly on West avenue in the city of Rochester.

There were two tracks of the company in that street. The outer rails of the tracks were twelve and four-tenths feet from the curb. On the northerly track were run the westerly-bound cars, and on the other the cars ran easterly.

The plaintiff was proceeding to cross the street from the north side when he received his injury. This took place about eight o'clock P. M. The attendant circumstances under which it occurred were the subject of some conflict in the evidence. On the part of the plaintiff there is evidence tending to prove that the car by which the plaintiff was struck was preceded by another going west but a few feet from it, and that when he stepped on to the track in the

rear of the first one, he was struck by the other. There is also evidence to the effect that he stopped upon the track, and stood there looking westerly when the accident occurred. And there is also evidence tending to prove and permitting the inference that no car going either way passed there from the time the plaintiff left the sidewalk until the arrival of the car by which he was injured.

The court, having charged the jury, was requested by the defendant's counsel to further charge them that if they found that after the plaintiff left the sidewalk and started to cross the street only one car passed "to the west, and that was the car that injured him, and they find that he stepped upon the track in front of that car without looking, that had he looked he could have seen it coming, and he was, by reason of his omission to look, knocked down and injured, that that conduct was contributory negligence, as matter of law, which bars a recovery here."

In response to the request the court said : "I charge you, if, by the exercise of reasonable care and caution, he could have discovered the car, then he was negligent. If, by the exercise of reasonable care and caution, he could not have seen the car, then he was not guilty of contributory negligence." Thereupon the defendant's counsel excepted to the refusal to charge as requested and to the modification.

The charge following the request did not substantially cover the proposition, nor did the charge as then already made do so. There was evidence which permitted the jury to find all the facts included in the proposition which the court was so requested to charge. And if they had so found the facts, the conclusion that the plaintiff was not entitled to recover would necessarily follow. The refusal to so charge was error. (*Thompson* v. *Buffalo Ry. Co.*, 145 N. Y. 196.)

The judgment and order should be reversed and a new trial granted, costs to abide the event.

LEWIS, J., concurred ; WARD, J., dissented.

Judgment and order reversed and a new trial granted, costs to abide the event.