(14 Misc. Rep. 612.)

LHOWE v. THIRD AVE. R. CO.

(Common Pleas of New York City and County, General Term. December 17, 1895.)

1. NEGLIGENCE—INJURIES TO INFANT.
In an action to recover for injury by a street car, where plaintiff, a boy six or seven years old, was before the court, the question whether or not he was properly allowable on the street unattended was for the jury.

2. STREET RAILROADS—PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.
Where plaintiff's testimony shows that, when he went on the railway track, the car by which he was injured was a sufficient distance away, so he could have safely crossed, had he not fallen, it was proper to charge that, if the accident happened as plaintiff's witnesses testified, plaintiff was not negligent.

3. SAME—EVIDENCE.
It being claimed that plaintiff fell on the street-railway track, and was struck by a car while attempting to rise, it was proper to permit a witness to testify as to the position in which he was found after the accident. as tending to show his position when struck.

4. SAME—NEGLIGENCE IN LAW—WHAT IS NOT.
It is not negligence in law to attempt to cross in front of a street car 50 feet away.

Appeal from trial term.

Action by Henry Lhowe, an infant against the Third Avenue Railroad Company, for personal injuries received by plaintiff while crossing defendant's track. From a judgment entered on a verdict for $500 in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Hoadly, Lauterbach & Johnson, for appellant.
C. Sheldon Carothers, for respondent.

DALY, C. J.   The evidence shows that the infant plaintiff was a boy about six or seven years of age, and that he went to school in the city of New York.   While there was no other evidence of his ability to take care of himself while on the public street, those facts were sufficient to authorize the submission to the jury of the question whether he was of sufficient age to be allowed in the street.   It cannot be assumed that a child six years of age is incapable of protecting himself from danger in streets or roads.   Cosgrove v. Ogden, 49 N. Y. 255; Stone v. Railroad Co., 115 N. Y. 104, 21 N. E. 712.   Where the only evidence in the case was that the child was seven years old, the question whether it was sui juris was held to be for the jury. Stone v. Railroad Co., above.   The criticism upon the evidence as to the boy's age because the physician testified only that the boy was "six or seven," without specifying whether he meant years, months, weeks, or days, is hardly justifiable, as the evidence showed that the boy attended school.   As to the identity of the boy in court with the plaintiff, that fact seemed to be assumed on the trial, and the question about it is raised for the first time on appeal.   The evidence that the boy went to school in this city, coupled with what the jury could judge from his appearance as to his capacity, and the testimony as to his apparent age given by the physician, are sufficient to uphold a verdict that the boy was sui juris.   The jury must have so found, for they were instructed that, if he was not of sufficient age and discretion to go upon the streets unattended, then the parents were guilty of negligence in that respect, and there could be no recovery.

The main question in the case is whether the infant plaintiff exercised the care and prudence to be expected from his age.   The witness Salzman testified that the boy attempted to cross the track when the car was half a block distant; that he fell, and was struck by the car when he got up.   The witness Greene corroborates this to some extent by saying that when he first saw the plaintiff he was in a stooping position on the track.   The witness Smith says that the boy started to cross the street, reached the track, and fell down, and that when he fell "the car was right on top of him"; but the witness modifies this by stating that the way the accident happened was that the boy did not get up quick enough; that witness thought "he was going to get run over because he fell down, and he couldn't get up quick enough when he fell down."   This shows that the car could not have been directly on top of him when he fell, but that sufficient time elapsed after the fall, and before the car reached him, for him to have got up and got out of the way, had he done so more quickly. Differences in the testimony of the witnesses as to the exact spot at which the plaintiff fell, whether on the east or west rail of the track, and of the position of his body, do not warrant the jury or the court in disregarding their testimony, as they were, of course, speaking from momentary impressions.   Differences in the testimony of a witness with regard to his own position in the street when he saw the accident might be disregarded where there was evidently a simple mistake

which was immediately corrected. The testimony of the plaintiff's witnesses, if credited, showed that the plaintiff had ample time to cross the track when he attempted to do so, that the approaching car was not near enough to make danger apparent, that he would have crossed in safety if he had not fallen, and that it was not until he was attempting to rise that he was struck by the car. In this state of the evidence the trial judge was warranted in charging the jury that, if the accident happened as the plaintiff's witnesses testified, then he was not guilty of any negligence. This instruction did not take from the jury the question whether plaintiff was sui juris, for they were instructed that if he were not he could not recover in any event. It referred only to the question of his personal negligence in case the jury found he had possessed sufficient discretion to be permitted upon the street.

It is contended that the court erred in permitting one of plaintiff's witnesses to testify as to the position in which the boy was found immediately after the accident. This was competent and material, as tending to show his position when struck by the car. There was no attempt to show declarations or acts of plaintiff after the accident.

The court was asked to charge "that the car of the defendant had a superior right of way in the street to the plaintiff, and it was the duty of the plaintiff to get from in front of the car, if he could do so, and, if the jury found he did not, their verdict must be for the defendant." This was refused, and the appellant attempts to sustain the correctness of his request upon the authority of Thompson v. Railway Co., 145 N. Y. 196–199, 39 N. E. 709, in which it is said:

"While persons have the right to cross streets at any place they may select, and are not confined to street crossings, street-railway cars between such crossings have a preference; and, while they must be managed with care, so as not to injure persons in the street, pedestrians must nevertheless use reasonable care to keep out of their way."

The difference between this language and the request is manifest, for the whole question of defendant's care was omitted, and the plaintiff's duty to use reasonable care only was not included.

The question of defendant's negligence was properly left to the jury. The testimony of the seven witnesses of the accident called by defendant, among whom were two passengers, two persons in the street, the gripman and conductor and one other employé of the company, was that the plaintiff ran onto the down-town track from behind a car on the up-town track, when the car that struck him on the down-town track was only two or three feet from him. If this were true, then the defendant was not negligent, and the plaintiff was. But the testimony was in direct contradiction to the plaintiff's witnesses, and it was the province of the jury to decide the conflict. According to the plaintiff's witnesses, the car was between 50 feet and half a block distant from the plaintiff when he fell on the track, and it was manifest that, had a lookout been kept by the gripman, he could have avoided the accident. It is urged that there is no evidence that the plaintiff looked in all directions before crossing the track; but the distance of the car from the spot at which he attempted to cross made it quite safe to him to proceed, and the omis-

sion of that precaution contributed in no way to the accident. It would not be negligence in law to attempt to pass in front of a street car 50 feet away. Wells v. Railroad Co., 58 Hun, 389, 12 N. Y. Supp. 67.

The judgment and order appealed from must be affirmed. All concur.