difficulty, and has stated, not only a cause of action, but an equitable cause of action.

It follows that the interlocutory judgment should be affirmed, with costs, and leave given to the defendant to answer within 20 days, on payment of costs. All concur.

---

(20 App. Div. 591.)

## CASS v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

1. WITNESSES—CROSS-EXAMINATION—DISCRETION OF COURT.
The exclusion, upon cross-examination, of inquiries admissible as having some bearing on the credibility of the witness, is not ground for reversal, if, upon consideration of the entire testimony of the witness, the ruling was not manifestly prejudicial.

2. DAMAGES—PERMANENCY OF INJURIES—EXPERT TESTIMONY.
Where, on the trial of an accident case, a physician who has actual personal knowledge of plaintiff's injuries has described them to the jury, and has been asked whether the injuries he had specified were permanent, and the question is then changed in form, and uses the term "these injuries," it is not objectionable for failing to again specify the injuries.

3. SAME—HYPOTHETICAL QUESTIONS—SUFFICIENCY.
In an action for personal injuries, plaintiff's physician testified that there had been an improvement in some of the functions of the injured arm, but very little improvement in the gross use of the member since about two weeks after the accident. Held, that a hypothetical question to an expert as to the permanency of the injury was not erroneous in omitting any reference to said improvement.

4. SAME—CONCLUSIONS OF WITNESS.
Testimony of plaintiff, in an action for personal injuries, that he had not done any work since the accident, because he had not been able to do any, was not open to objection as a conclusion.

5. CONTRIBUTORY NEGLIGENCE—EVIDENCE—RELEVANCY.
Plaintiff was injured in a collision between a wagon and a cable car. He and the driver were engaged together in moving furniture, and the case was tried on the theory that they were engaged in a common enterprise. Held, that evidence of the driver as to his observation of the distance in which a car on defendant's road could be stopped was relevant upon the question of his prudence in driving as he did at the time of the accident.

6. SAME—PROVINCE OF JURY.
Plaintiff was thrown from a wagon driven by another person by a collision with a cable car of defendant at a street crossing. The court charged that it was not negligence to attempt to cross in front of a car if more than 50 feet distant, and if the car was capable of being stopped in the space of between 15 and 25 feet, leaving it to the jury to determine those facts. Held error.

7. SAME—ERROR CURED.
Such error was not cured by an immediately following charge: "But, of course, as I have said, the jury deal with the question of the plaintiff's negligence, as well as that of the gripman's negligence, in the light of all the surrounding circumstances connected with this case, and as they shall find them from the testimony."

Appeal from trial term, Queens county.

Action by Patrick Cass against the Third Avenue Railroad Company. From a judgment entered on a verdict in favor of plaintiff,

and from an order denying a new trial, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Nathan Ottinger, for appellant.

Joseph Kohler, for respondent.

WILLARD BARTLETT, J.   The plaintiff in this action was thrown out of a wagon by a collision with a cable car of the defendant at Third avenue and Forty-Seventh street, in the city of New York, and sustained injuries for which a jury has awarded him damages in the sum of $10,000.   The verdict was not against the evidence.   There was ample proof from which to infer negligence on the part of the gripman in charge of the defendant's car, and upon which to base a finding that the plaintiff and the driver of the wagon in which he was riding were both free from contributory negligence. The collision occurred at a cross street, where vehicles were to be looked for.   There was testimony tending to show that when the wagon was on the track the car was 100 feet distant.   It would seem that negligence may well be ascribed to a gripman who runs his car at such a speed in approaching a cross street that he cannot avoid colliding with a vehicle coming along the cross street, and plainly visible 100 feet off; or who does not stop his car within that distance, and avert the collision, if the car is moving more moderately.   Under the circumstances as they appeared to the plaintiff and the driver of the wagon, the attempt to cross the track before the car reached them involved no obvious risk, and they were properly absolved from any fault tending to bring the accident upon themselves.

A policeman, who was called as a witness in behalf of the plaintiff, was asked, on cross-examination, whether he ever made arrests for reckless driving, and whether it was not his duty so to do, and whether it was not his duty, as an officer, to arrest a gripman if he saw him driving his car recklessly, and running into people.   The court sustained the plaintiff's objection to these questions, on the ground that the evidence called for was immaterial.   The inquiries had some bearing on the credibility of the witness, and might well have been allowed; but the limits of cross-examination are so largely discretionary, and the ruling was so manifestly harmless to the defendant, when the entire testimony of this witness is considered, that the error affords no ground for reversal.

Another exception relates to the testimony of Dr. John Francis Burns in respect to the permanency of the plaintiff's injuries.   This witness had been the plaintiff's physician, and possessed actual personal knowledge of the injuries which the plaintiff had sustained. After he had described them to the jury, Dr. Burns was asked whether the injuries which he had specified were or were not permanent in their nature.   Objection was made, and, after some discussion between court, counsel, and witness, the question was put in this form:  "From your knowledge of these injuries, and with your experience in the treatment of them, and also with your knowledge

of the results up to this time, can you state with reasonable certainty whether these injuries are permanent in their nature or not? And, if so, are they permanent or not?" The witness answered that the man was permanently injured. The appellant criticises the question because it does not show what facts were the basis of the opinion thus expressed. When we consider the first question, however, and its limitation to the injuries, which the witness had already specified within the hearing of the jury, it is evident that the same limitation was intended and understood to apply to the question in its final form, and that "these injuries" meant those which Dr. Burns had previously described. It was not necessary that they should all be specified again, as would have been required in the case of a hypothetical question to an expert who had no personal knowledge of the physical condition of the patient. Clegg v. Railway Co., 1 App. Div. 207, 37 N. Y. Supp. 130.

Another witness as to the character of the plaintiff's injuries was Dr. George D. Farwell, who, in response to a hypothetical question, expressed the opinion that they were permanent. The principal objection to this question on behalf of the appellant is that it omitted any mention of the improvement in some of the functions of the arm to which Dr. Burns had testified. This might have been a material fact which ought to have been one of the assumptions in the hypothetical question, if Dr. Burns had said nothing further; but he had added that there had been very little improvement in the gross use of the arm since July, 1896, which was only about two weeks after the accident. In view of this qualification of what he had previously said about functional improvement, it can hardly be held that the hypothetical question to Dr. Farwell should have been disallowed because it involved the suppression of a material matter beneficial to the appellant. Whatever improvement there may have been, it could scarcely affect the permanency of the injury if the improvement did not extend to the gross use of the arm; and the hypothetical question related solely to the permanency of the injury.

The statement of the plaintiff that he had not done any work since the accident, because he had not been able to do any, is criticised as a conclusion to which he should not have been allowed to testify. It was merely another form of saying that his physical disability was such as to prevent him from working. Testimony to this effect is constantly received in this class of cases, just as injured persons are allowed to give evidence in regard to the pain they suffer, and its effects.

The evidence of the driver of the wagon as to his observation of the distance in which a Third Avenue cable car could be stopped was relevant upon the question of his own prudence in driving as he did on the occasion of the accident. It tended to show that he had every reason to suppose that the approaching car could and would allow his wagon to cross in safety. The case was tried upon the assumption that the driver and the plaintiff were engaged in a common enterprise, so that any contributory negligence on the part of the driver was imputable to the plaintiff; and this view of their relation to one another appears to have been correct. Schron v. Rail-

way Co., 16 App. Div. 111, 45 N. Y. Supp. 124. They were occupied together in moving church furniture, and used the wagon for the purpose.

But there remains to be examined an important exception to the judge's charge. The counsel for the plaintiff requested the court to charge the jury "that, if they believe the testimony of the conductor that the car was north of the north crossing, and the driver nearer the south crossing, a distance of more than fifty feet, and that the car could be stopped in a distance of between fifteen and twenty-five feet, if they believe the gripman's statement as to that, that, therefore, the driver was not negligent in attempting to cross the track, if they believe these statements." In response to this request the court said: "I will charge it with this qualification: that it is not negligence, in attempting to cross in front of the car, if the jury find those facts from the testimony in the case;" to which instruction the counsel for the defendant duly excepted. In the request there were two erroneous assumptions as to what had been sworn to by the witnesses for the defendant. The conductor did not testify that there was a distance of 50 feet between the car and the driver of the wagon. He said that the car was between 15 and 18 feet away when the horse's head was nearing the track. Nor did the gripman state that the car could be stopped in a space of 15 to 25 feet. What he did say was that he could stop the car at the place of the collision, going at the speed he was then running, in 25 or 30 feet. But these mistakes in regard to the evidence were not adopted in the instruction given by the court in response to the request. That instruction modified to some extent the proposition which the request contained. It did not restrict the attention of the jury to the evidence of the gripman and conductor alone, but referred to all the testimony in the case. Nevertheless it told them that it was not negligence to attempt to cross in front of a car more than 50 feet distant, if the car was capable of being stopped in a space of between 15 and 25 feet. If the learned judge had said that it was not necessarily negligent, or, in other words, that such an attempt was not negligence as matter of law, he would have been quite correct. Wells v. Railway Co., 58 Hun, 389, 12 N. Y. Supp. 67. But his language could have conveyed only one meaning to the minds of the jurors, and that was that the plaintiff and the driver of the wagon acted prudently, as matter of fact, in driving upon the track, if the car was more than 50 feet off, and could have been stopped in from 15 to 25 feet. It seems clear that this was a question for the jury to determine without any direction from the court. Whether an attempt to cross a track under such conditions was the exercise of due care or not might depend upon many other facts not mentioned in the request, and I see no way of avoiding reversal for this error. It does not seem to me that it was cured by the remarks which were made by the learned trial judge just after the plaintiff's counsel took his exception, when the court added: "But, of course, as I have said, the jury deal with the question of the plaintiff's negligence, as well as that of the gripman's negligence, in the light of all the surrounding circumstances connected with this case, and as they shall find

them from the testimony in the case." Although the jury were
thus told, in substance, that in passing upon the question of contrib-
utory negligence they must take all the circumstances into consid-
eration which they deemed established by the proof, this instruc-
tion must have been understood by the jury to be subject to the qual-
ification previously stated by the court, to the effect that it was not
negligence for the plaintiff to act in the manner specified; whereas
the jury should have been left free to determine as matter of fact
whether it was or not.

I think this error is so serious as to demand the reversal of the
judgment. All concur.