## COX v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

1. RAILROADS—ACCIDENT AT CROSSINGS—CHILDREN—DUTY TO LOOK FOR TRAINS.

In an action against a railroad company for the killing of a child 14 years old by defendant's engine while she was attempting to cross defendant's track at a public crossing, it was error to refuse to charge that the general duty of looking and listening for trains before attempting to cross the tracks was imposed by law upon plaintiff's intestate, notwithstanding her age.

2. SAME—CONTRIBUTORY NEGLIGENCE.

It was error to charge that contributory negligence on part of plaintiff's intestate would not necessarily preclude plaintiff from recovering damages for the negligence of defendant.

Appeal from trial term, New York county.

Action by John Cox, administrator, against the New York Central & Hudson River Railroad Company. From a judgment in favor of plaintiff and an order denying defendant's motion for a new trial, defendant appeals. Reversed.

Plaintiff's intestate, a girl 14 years old, was killed by one of defendant's engines while she was attempting to cross defendant's tracks at a public crossing.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Charles F. Brown, for appellant.
A. H. F. Seeger, for respondent.

PER CURIAM. Without passing upon the other questions presented on this appeal, we think the judgment and order should be reversed for the refusal of the court to charge that the general duty of looking for the approach of trains was imposed by law upon the plaintiff's intestate, notwithstanding she was only 14 years of age. While she was only "expected and required to exercise the measure of care and caution that is common and usual in one of her age" (Thompson v. Railroad Co., 145 N. Y. 196, 199, 39 N. E. 709, 710), she was required to apply that degree of care to the process of looking and listening for trains. We express no opinion as to whether, under the proof, the jury was or was not justified in concluding that she did so. We are also of opinion that the learned court erred in charging the jury, in effect, at folio 297, that contributory negligence did not necessarily preclude the plaintiff from recovering damages for the negligence of the defendant. This is not the law of this state. To tell the jury that it was free to find for the plaintiff, notwithstanding it may have thought that his decedent was guilty of negligence contributing to the accident, was plain and reversible error.

Judgment and order reversed, and new trial granted; costs to abide the event.