JOHN COX, as Administrator, etc., of FANNIE COX, Deceased, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Death from negligence — duty of care in looking for trains, required of a girl of fourteen — negligence on the part of the decedent, as a bar to a recovery.*

In an action to recover damages resulting from the death of a girl fourteen years of age, who was killed by one of the defendant's trains at a railroad crossing, it is the duty of the court to charge that the intestate was required to apply the measure of care and caution that is common and usual in one of her age, in looking and listening for trains.

In such an action, it is error for the court to charge that contributory negligence on the part of the intestate would not necessarily preclude the plaintiff from recovering damages for the negligence of the defendant.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 6th day of April, 1901, upon the verdict of a jury for $2,500, and also from an order entered in said clerk's office on the 2d day of April, 1901, denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover damages resulting from the death of the plaintiff's intestate who was killed by one of the defendant's trains while passing over a railroad crossing.

*Charles F. Brown*, for the appellant.

*A. H. F. Seeger*, for the respondent.

PER CURIAM:

Without passing upon the other questions presented on this appeal, we think the judgment and order should be reversed for the refusal of the court to charge that the general duty of looking for the approach of trains was imposed by law upon the plaintiff's intestate, notwithstanding she was only fourteen years of age. While she was only "expected and required to exercise the measure of care and caution that is common and usual in one of her age" (*Thompson* v. *B. R. Co.*, 145 N. Y. 196, 199), she was required to apply that degree of care to the process of looking and listening for trains.

We express no opinion as to whether under the proof the jury was or was not justified in concluding that she did so. We are also of opinion that the learned court erred in charging the jury in effect that contributory negligence did not necessarily preclude the plaintiff from recovering damages for the negligence of the defendant. This is not the law of this State. To tell the jury that it was free to find for the plaintiff, notwithstanding it may have thought that his decedent was guilty of negligence contributing to the accident, was plain and reversible error.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.