## ADLER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. November 18. 1903.)

**1. IMPUTED NEGLIGENCE—FELLOW SERVANTS.**
It cannot be said as matter of law that negligence of the driver of an insurance patrol wagon in colliding with a street car is not imputable to an employé of the insurance patrol riding to a fire on the wagon, on the seat with the driver, and ringing the bell.

Appeal from City Court of New York, General Term.

Action by Edward J. Adler against the Metropolitan Street Railway Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Henry A. Robinson (Bayard H. Ames and F. A. Gaynor, of counsel), for appellant.

Leopold Leo, for respondent.

FREEDMAN, J. The action was brought to recover damages for personal injuries sustained by the plaintiff in a collision claimed to have been caused by the negligence of the defendant's servants. At the trial both sides gave evidence. The case as thus made out was one for the jury, but there was error in the charge. The plaintiff was employed upon a fire insurance patrol, but not as a member of the fire department. The patrol wagon was proceeding to a fire, and the plaintiff was sitting on the same seat with the driver, and at the time was ringing the bell. The patrol proceeded northerly along the north-bound track of defendant's road on West Broadway, then turned off, and on the south-bound track, in order to get around and ahead of a car which had stopped in order to allow the patrol which had been following it to pass, and then, after it had proceeded a short distance upon the south-bound track, returned back again onto the north-bound track, and in doing so collided with a south-bound car. Upon the point whether at that time the south-bound car was in motion or had come to a stop, and as to the time at and within which, and the distance at which, the south-bound car could be and was seen by the driver of the patrol, the evidence was conflicting. In submitting the case to the jury they were instructed that, inasmuch as the plaintiff had no charge, control, or management over the horses attached to the patrol wagon, the negligence of the driver, if any there was, could not be imputed to him. This instruction was duly excepted to. The evidence showed that the plaintiff and the driver were both employed by the Board of Fire Underwriters; that he was sitting upon the same seat with the driver, and that he was engaged in a common employment with the driver, within the doctrine of Donnelly v. Brooklyn C. R. Co., 109 N. Y. 16, 15 N. E. 733, and Cass v. Third Avenue R. R. Co., 20 App. Div. 591, 47 N. Y. Supp. 356. That, being to the proposition charged, was erroneous. Assuming that it cannot be said, as a matter of law, that the negli-

gence of the driver was imputable to the plaintiff, nevertheless it cannot be said, as a matter of law, that it was not so imputable. Under the circumstances as they appeared, it was at least a question of fact for the jury. As the error pointed out necessitates a new trial, the remaining questions need not be discussed. I desire to add, however, that the right of way given by section 748 of the charter of the city of New York, Laws 1897, p. 260, c. 378, as offered by the plaintiff at the trial, and about which so much has been said in defendant's brief, is confined to the officers and men of the fire department, when on duty. By chapter 155, p. 256, of the Laws of 1900, the said section was amended so as to include the officers and men of the insurance patrol.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.