The plaintiff's testator was run down and killed by a train of the defendant railroad corporation while he was endeavoring to drive his automobile over its tracks at a place known as Embler's Crossing near Walden Station in Orange county. The accident occurred shortly after 8 o'clock on the evening of the 18th of August, 1911. The party in the automobile consisted of Mr. George W. Wait, who was driving the car, his wife, Mrs. Wait, and their two children, a daughter then twelve years of age and a little boy. Mr. and Mrs. Wait were killed. The testimony of the daughter shows that no one in the automobile observed the approaching train until the motor car was within twenty or thirty feet of the track when Mrs. Wait called out to her husband, "George, there is the train!" Mr. Wait then applied the brake when the automobile was about ten feet from the track, but it was too late to prevent the collision.
The plaintiff has recovered a substantial verdict against the defendant for thus negligently causing the death of his testator; and the judgment entered upon the verdict has been affirmed by the Appellate Division with one dissenting vote.
A review of the evidence satisfies us that there was a question for the jury as to both issues: the defendant's negligence and the decedent's freedom from contributory negligence. We think, however, that the learned trial *Page 315 
judge committed an error in passing upon a request to charge which requires us to reverse the judgment.
The ruling which we deem erroneous appears in the following extract from the record:
"Mr. Cassedy: I ask your Honor to charge that the proof shows that the decedent had a fair view of approaching trains at all places within not less than one hundred and fifty feet from the crossing.
"The Court: Would have had in the day time, yes.
"Mr. Cassedy: I except to any modification of that request. I ask the Court to charge that if the jury believe that the deceased had such a view, that he was negligent in not discovering the approaching train.
"The Court: I will leave that to the jury.
"Mr. Cassedy: Exception."
It will be seen that the instruction thus requested and refused was substantially as follows: "If the jury believe that the deceased had a fair view of approaching trains at all places within not less than one hundred and fifty feet from the crossing, he was negligent in not discovering the approaching train."
This was not a request to charge what the facts were which the learned trial judge had previously declared he would not do. It was a request that the jury be informed that a given condition of things, if they found from the evidence that such a condition existed, would necessarily import negligence on the part of the plaintiff's testator. Such a request is entirely proper where there is evidence in the case from which the jury might find the facts to have been as they are assumed to have been in the prayer for instructions. This form of conditioned request is so commonly accepted as correct that we have rarely known its propriety to be questioned.
Where there is evidence which would permit the jury to find all the facts included in a proposition which the court is requested to charge and those facts necessarily import negligence it is the duty of the court to instruct *Page 316 
the jury that if they find the facts assumed in the request they should find the party concerned to have been negligent. (BRADLEY, J., in Curry v. Rochester Railway Co., 90 Hun, 230.) InThompson v. Buffalo Railway Co. (145 N.Y. 196) a little girl was killed by a street car which struck her after she had passed behind another car going in an opposite direction without pausing to see if a car was approaching on the further track. A judgment in favor of her administratrix was reversed and the reversal was based in part upon a refusal to charge "that if the girl passed immediately behind the westbound car, without stopping to look in both directions to ascertain if a car was approaching, that the plaintiff cannot recover."
While the proof was undoubtedly conflicting as to the opportunity to see the train from the automobile it cannot seriously be questioned that the evidence in behalf of the defendant on this point, if accepted by the jury, would have warranted them in finding that Mr. Wait had a fair view of approaching trains at all places within not less than one hundred and fifty feet from Embler's Crossing; and if such were the fact there was no escape from the conclusion of negligence. The learned trial judge in his principal charge correctly outlined to the jury the position of the defendant in respect to the question of contributory negligence on the basis of the evidence which it had introduced on that issue — thus clearly indicating that in his view the jury were at liberty (although of course not bound) to find the facts as assumed in the request under consideration. He did not tell them, however, that if they found these facts it followed that the defendant was negligent. This instruction we think the defendant was entitled to have given. We quote from the charge: "On the other hand, the defendant says that the view up the track toward Walden, as Mr. Wait approached the railroad crossing was unobstructed, and that he could have seen, had he looked, *Page 317 
several hundred feet — a thousand or more feet — from the crossing up the track towards Walden; that the view was practically unobstructed; that a man sitting in an automobile, for several hundred feet back on the road — one hundred and fifty or two hundred feet back on the road — approaching the crossing, and from that point all the way up to the crossing, could have seen several hundred or a thousand feet down the track toward Walden, had he looked. The defendant argues from that that Mr. Wait must have been careless and negligent; otherwise he would have seen the train or heard it coming. * * * That is the argument the defendant makes — that the view was so unobstructed — the way was so clear, that if he had looked he would have seen the train."
The defendant's view of the case was thus presented by the trial judge because he deemed it a view which the evidence left the jury at liberty to adopt if they saw fit to do so; and the fact that the jury might adopt it justified the request that they should be instructed that such a view necessarily implied contributory negligence. The facts embodied in the request under consideration if found by the jury would be clearly inconsistent with the care required of the driver of an automobile approaching a railway crossing at grade in the night time. If at all places from a point in the highway one hundred and fifty feet from the railroad line he had a fair view of approaching trains, notwithstanding the darkness, it was certainly negligent to drive himself and his family on to death. Under such circumstances the commonest prudence required sufficient watchfulness to observe the train before it was too late.
The judgment should be reversed and a new trial granted, with costs to abide the event.
HISCOCK, COLLIN, CUDDEBACK, HOGAN and POUND, JJ., concur; SEABURY, J., dissents.
Judgment reversed, etc. *Page 318