■ CLAUS STELLING et al., Appellants, v. PUBLIC LUMBER SUPPLY CO., INC., Respondent.— In an action to recover damages for injuries to person and property, the appeal is from a judgment of the County Court, Nassau County, dismissing the complaint upon the merits after trial before the court without a jury. Appellants, partners and owners of a truck, allegedly were injured and the truck damaged when it came into contact with an obstruction at the entrance to respondent's premises. At the time of the accident the vehicle was being operated on partnership business by appellant Stacel, the appellant Stelling being seated beside him. The complaint was dismissed on the ground that appellants had failed to establish their freedom from contributory negligence. Judgment unanimously affirmed, with costs. In our opinion, there was ample proof to sustain a finding that Stacel, the operator of the truck, had not established freedom from contributory negligence. Stacel's negligence was imputable to Stelling, who was present in the vehicle and engaged in a joint enterprise with him. (Schron v. Staten Island Elec. R. R. Co., 16 App. Div. 111; Cass v. Third Ave. R. R. Co., 20 App. Div. 591; Restatement, Torts, §§ 485, 491.) Jenks v. Veeder Contr. Co. (177 Misc. 240, mod. 264 App. Div. 979, affd. 290 N. Y. 810) is not authority to the contrary. The effect of a joint venture on the question of imputing negligence was not there presented for review on appeal, as it appears that there was no request to have the

jury pass upon the question of whether there was such joint venture between the parties. (Cf. *McCormack* v. *Nassau Elec. R. R. Co.*, 16 App. Div. 24.) Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ. [See *post*, p. 764.]